JUNE TERM 1835,

The State v. Epperson.

———◦※◦———

## The State v. Thomas Epperson.

1. In prosecutions before justices of the peace for assaults and batteries, under the acts of 19 Feb. 1825 and 18 Jan. 1831—The defendant must appeal, if at all, on the day of trial, and an appeal taken on a subsequent day is void.

ERROR to St. Louis circuit court.

Opinion of the court delivered by Tompkins, J.

This was a prosecution instituted before a justice of the peace by one William Langford against Epperson the defendant in error, for an assault and battery under the

In prosecutions before justices of the peace for assaults and batte-

ries, under the acts of 19th Feb. 1825, and 18 Jan. 1831—The defendant must appeal, if at all, on the day of trial, and an appeal taken on a subsequent day is void.

statutes giving justices of the peace jurisdiction in cases of breaches of the peace passed 19th February 1825, and 18th January 1831. The trial before the justice took place on 23rd February 1835. Judgment against the defendant was rendered on the same day, and an appeal was prayed on the next day, viz: 24th February. It was insisted on the behalf of the state "that the circuit court should have dismissed the appeal for the following reasons.—1st, the want of notice of the appeal, the same not being granted on the day of the trial, see revised code p. 481, sec. 23. 2nd, the appeal not being prayed at the trial or on the day of trial—Revised code p. 141 sec. 6. Allen for the state. On the part of the defendant in error it is contended that the writ of error was improperly sued out on the part of the state because the defendant in penal cases cannot be put twice in jeopardy for the same offence, see constitution of the United States, article 6th of the amendments, reference is made also to the constitution of the state of Missouri, declaration rights sec. 10. The defendant further insists that the notice of an appeal to the state, to the officers of the state, or any one of them is not required by the laws of Missouri, and refers to Revised code p. 141 sec. 6. It is sufficient that the appeal is taken, and the officer acting for the state is bound to know what transpires in the clerk's office relative to his duties, and that the law only contemplates a notice in civil suits between individuals. Reference to Revised code p. 481, and the reason of the distinction is clear. The object of the notice in civil suits is to put the opposite party in possession of the fact of an appeal being taken that he may prepare for his defence by having witnesses summoned. In appeals from state prosecutions, the justice is required to recognize witnesses &c. and puts the state always in a state of readiness. Reference to revised code p. 141. Upon the subject of taking the appeal on the day of trial, the statute provides that in all cases within the jurisdiction of a justice of the peace the party shall have liberty to appeal within ten days after rendering such judgment, Revised code page 480. The party remains in custody of the constable until the penalty is paid or appeal taken, Rev. code p. 140 sec. 3. So it becomes the intesest of the party as he values personal liberty to appeal forthwith, but cannot be regarded as obligatory upon him further than the statutory limit of ten days. Mayfield and Bowlin for the defendant in error." The act which gives an appeal from the justices court to the circuit court is entitled an act establishing

JUNE TERM
1835.

The State
v.
Epperson.

justices courts, and regulating the collection of small debts, and although the terms used are very general, yet it is but a reasonable construction that the legislature meant to confine the provision to the subject matter of that act. By that act no criminal jurisdiction was given to the justices, and the party appealing might appeal within twenty days, the time was by a subsequent act limited to ten days. When then the legislature by another act gave the justices criminal jurisdiction we find that the mode of proceeding in such cases was regulated in manner peculiar to the new duties prescribed. It was well observed by the counsel for the defendant in error that the constable has the custody of the defendant until the penalty is paid or the appeal taken, so that it becomes his interest as he valued personal liberty to appeal forthwith, but it may also be observed that the same act does not permit the constable to keep the witnesses in custody till the prisoner determines his will to appeal or not appeal: and it might well be doubted whether the justice would have power to recognize them to appear at the subsequent term of the circuit court to testify against a man who had not yet appealed. As then it is the interest of the state to prosecute offenders and punish disturbers of the peace and, as the liberty of the witness is as precious as that of the accused, it seems to us most agreeable to the spirit of the law, that the act giving the appeal in this case should be construed strictly, and that the accused should either appeal immediately or lose the benefit of the law giving him the right of appeal. It is then the opinion of the court that the defendant should have appealed on the day of trial, and having failed to do so, his appeal is void in law and that the circuit court ought to have dismissed the appeal on the motion of the state. The judgment of the circuit court is thefore reversed, and this court proceeding to give such judgment as the circuit court should have given dismisses the said appeal.