## DAVID W. MACAIG'S CASE.

Suffolk. March 12. — Sept. 5, 1884. DEVENS & COLBURN, JJ., absent.

If, upon an execution issued on a judgment, upon which the judgment creditor has made an affidavit to the first and fifth charges specified in the Pub. Sts. c. 162, § 17, a magistrate authorizes the arrest of the debtor on the fifth charge, and the debtor after his arrest applies to take the oath for the relief of poor debtors, and at his examination the creditor examines him as to the first charge only, the magistrate, upon finding that charge sustained, may refuse the oath, and commit the debtor to jail.

HABEAS CORPUS. Hearing, upon an agreed statement of facts, before *Devens*, J., who reported the case for the consideration of the full court, in substance as follows:

The petitioner seeks to be released from imprisonment in the common jail in the county of Suffolk, where he was committed on January 22, 1883, by virtue of the refusal of the oath for the relief of poor debtors, by James F. Farley, a commissioner of insolvency. On November 17, 1882, Frank C. Bill recovered judgment against the petitioner in the Municipal Court of Boston, in an action of contract, for the sum of $25.31 debt or damage, and $5.82 costs of suit. On November 18, 1882, a writ of execution was duly issued thereon. On December 15, 1882, Clarence F. Eldridge, in behalf of said judgment creditor, made

an affidavit, upon said writ of execution, to the charges named in the Pub. Sts. *c.* 162, § 17, *cl.* 1, 5,* before Edward J. Jenkins, a commissioner of insolvency, who, upon said charge named in *cl.* 5, authorized the arrest of the petitioner on the writ of execution. On December 16, 1882, the petitioner was arrested on the writ of execution, by virtue thereof and of the affidavit thereto annexed, and recognized for his appearance within thirty days from said date. On January 9, 1883, the petitioner made application to said Farley to take the oath for the relief of poor debtors, and on said date the magistrate issued a notice to the judgment creditor, appointing a time and place for the examination of said debtor. The notice was duly served; and, at the appointed time and place, the judgment creditor appeared and examined the petitioner concerning his estate only, but did not examine him upon the charge of fraud contained in the affidavit upon which the creditor had obtained the authority to make the arrest.

The creditor did not file written charges of fraud pending the examination of the petitioner, as required by the Pub. Sts. *c.* 162, § 49, but, after the examination of the debtor in writing had been finished, and he had signed and sworn to the truth of the answers he had therein made, and before any witness had been called, charges of fraud in writing were offered by the creditor's counsel; but said charges were excluded by the magistrate, on the ground that they had not been filed pending the examination of the debtor.

On January 22, 1883, the magistrate found that the debtor had property to the amount of twenty dollars, beside the estate, goods, and chattels which are by law exempt from being taken on execution, and thereupon refused to administer to him the oath for the relief of poor debtors; whereupon the petitioner was committed to jail.

No citation has ever been issued to the debtor upon said writ of execution, as provided in the Pub. Sts. *c.* 162, §§ 18, 19.

---

* The first clause is, "That the debtor has property not exempt from being taken on execution, which he does not intend to apply to the payment of the plaintiff's claim."

The fifth clause is, "That the debtor contracted the debt with an intention not to pay the same."

The petitioner contended that, since he had not been cited and examined in accordance with the provisions of the Pub. Sts. c. 162, §§ 18–24, and since he was arrested by virtue of a charge of fraud, which, at his subsequent examination, was practically abandoned by the failure of the creditor to file charges in writing pending the examination of the debtor, the magistrate had no jurisdiction of the case then before him, and had no authority to decide the question as to whether the debtor had property to the amount of twenty dollars, beside the estate, goods, and chattels which are by law exempt from being taken in execution, and could not refuse him the oath for the relief of poor debtors.

The creditor contended that the affidavit on the writ of execution was merely an affidavit authorizing the arrest of the debtor, and not a charge of fraud under the fifth clause, or a charge to which the debtor was bound to answer; that the affidavit was made to the fifth, and not to the first clause of said § 17; that it was optional with the creditor whether he should file charges or not, since the debtor had recognized to appear, and had given notice in accordance with the terms of said recognizance, and the only question for decision was whether he had property.

*W. H. Harrington*, for the petitioner.

*E. M. Bigelow*, contra.

HOLMES, J. The fifth charge mentioned in the Pub. Sts. c. 162, § 17, having been proved to the satisfaction of the commissioner of insolvency, the arrest of the petitioner was lawful, notwithstanding the fact that the first charge was also sworn to in the affidavits. *Frost's case*, 127 Mass. 550.

When a debtor is lawfully arrested, he is arrested and held by virtue of the execution, not by virtue of the charge or magistrate's certificate; *Stewart* v. *Griswold*, 134 Mass. 391, 393; and, apart from exceptions such as that provided in § 37, the nature of the charge has nothing to do with the mode of getting discharged from imprisonment. If the debtor wishes to get discharged without paying his debt, he can only do so by a new process, in the way and on the conditions provided by statute. Speaking generally, there is only one such way, and there is one universal condition; and that is to take the poor debtor's

oath. When the certificate is granted, as here, on the fifth charge of § 17, the two issues of fraud and property are distinct, and the debtor must prevail on the latter before he can be discharged. See *Fletcher* v. *Bartlett*, 10 Gray, 491; *Mowry's case*, 112 Mass. 394, 398. This appears in terms from § 52, when the issue of fraud is tried and found against him. For that section authorizes him to renew his application to take the oath after the expiration of any sentence for fraud. There is no reason for a different rule when the charge of fraud fails. And the fact that the foundation of the whole proceeding to obtain a discharge is an application to take the oath shows very plainly that the rule is the same. It is clear that the debtor must apply to take the oath, because the statute provides no other way to get a hearing. It is equally clear that the oath must be taken before the debtor can be discharged. Pub. Sts. *c.* 162, §§ 28, 38–40, 44, 52. Indeed, in the present case the petitioner did not ask to be discharged without taking the oath, for he applied and wished to take it; but he contended that the magistrate had no right to refuse it, or to decide the question of property, because the certificate had been issued upon the fifth charge. In this form, however, the argument is suicidal, for it amounts to saying that the magistrate had jurisdiction to administer the oath, but had not jurisdiction to comply with the statutory condition of his right to administer it; which is, that he should be satisfied upon examination of the truth of the facts set forth in the oath and the certificate which he is to sign. Pub. Sts. *c.* 162, § 39.

The true view is, that, after the debtor has been arrested, proof of fraud is simply a means of meeting the debtor's proof of ability to take the oath; and, if the creditor is satisfied that he can defeat the debtor on the issue of property, he need go no further.                          *Prisoner remanded.*