NATHAN WEINER *vs.* GEORGE L. WENTWORTH & another.

Suffolk.    December 4, 1901. — March 1, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Practice, Criminal, Appeal.*

A petition for a writ of mandamus to order the judge and clerk of a municipal court to allow and enter an appeal of the petitioner from a judgment on which he was sentenced to imprisonment for two months in a house of correction will not be dismissed for the reason that the petitioner has served his sentence.

An appeal to the Superior Court by a person convicted of an offence and sentenced to imprisonment by a district or police court, including the Municipal Court of the City of Boston, taken after the mittimus has been issued and the prisoner has been removed from the court, is taken too late.

PETITION, filed June 28, 1901, for a writ of mandamus to order the judge and clerk of the Municipal Court of the City of Boston to allow and enter the appeal of the defendant in a criminal case.

The case was heard by *Hammond*, J. It appeared, that the petitioner on June 27, 1901, was tried in the Municipal Court of the City of Boston on a charge of non-support of his wife and minor children, that he was found guilty and sentenced to serve a term of two months at the house of correction at Deer Island, that a mittimus warrant was issued directed to the jailer at that house of correction; and that between 12 M. and 2 P. M. on the same day and before the adjournment of the court, the defendant's counsel claimed an appeal, which was refused by the judge of the court because the mittimus warrant had been issued and the prisoner was on his way to serve his sentence. The justice denied the petition; and the defendant appealed.

On November 20, 1901, the counsel for the respondents, before the full court, moved that the petition be dismissed on the ground that the petitioner had served his sentence and there was no occasion for the order. On November 21, 1901, the motion was denied.

*M. I-F. Reuben*, for the petitioner.

*J. D. McLaughlin*, Assistant District Attorney, for the respondents, submitted a brief.

LATHROP, J. If we assume, without deciding, that a petition for a writ of mandamus is the appropriate proceeding in a case like this, we are of opinion that the ruling of the single justice of this court denying the petition was right.

The St. of 1893, c. 396, which revises and consolidates the laws relating to district and police courts, in § 47, provides: "Every person convicted of an offence before a district or police court may appeal from the sentence to the Superior Court then next to be held in the county. The appellant shall be committed to abide the sentence of said court until he recognizes to the Commonwealth, in such reasonable sum and with such surety or sureties as the court requires, with condition to appear at the court appealed to," etc.

The St. of 1894, c. 431, § 1, makes all the provisions of the St. of 1893, c. 396, apply to all police, district and municipal courts in the county of Suffolk, except the Municipal Court of the City of Boston. But by § 2 of said chapter it is provided that the Municipal Court of the City of Boston shall have all of the civil and criminal jurisdiction conferred upon police and district

courts by the provisions of §§ 12–53, both inclusive, of the St. of 1893, c. 396, in addition to the present jurisdiction of that court. Section 47 of the act above cited therefore applies. See also Pub. Sts. c. 154, §§ 39, 43. By § 62 of the same chapter, "The court shall be held for criminal business daily, except on Sundays and legal holidays, at nine o'clock in the forenoon."

The section in regard to an appeal does not state when the appeal is to be taken, and the question in this case is whether a person convicted has the entire day in which to take his appeal, or whether it should be taken before he is committed to serve his sentence.

The question of the seasonableness of the appeal is to be determined not only by the duration of the sitting of the court but by other provisions of the statutes. By the Pub. Sts. c. 215, § 25, "When a person convicted of an offence is sentenced to pay a fine or costs or be imprisoned, . . . the clerk of the court shall, as soon as may be, make out and deliver to the sheriff of the county, or to some officer in court, a transcript from the minutes of the court of such conviction and sentence, duly certified by such clerk, which shall be a sufficient authority for the officer to execute such sentence, and he shall execute it accordingly."

On the authority of the statute just cited, it was said in *Commonwealth* v. *Hayes*, 170 Mass. 16, "An ordinary sentence of fine or imprisonment imports that it is to be carried into execution forthwith." It is also to be observed that by the St. of 1893, c. 396, § 48, upon an appeal the court has the same authority to bind by recognizances the witnesses in such a case as it has by the Pub. Sts. c. 212, when a prisoner is admitted to bail or committed. These provisions are contained in §§ 36–40, and give the court power to bind by a recognizance the principal witnesses against the prisoner to appear and testify at the next court having cognizance of the offence.

If the person convicted has the entire day in which to take his appeal, this provision of statute would be rendered of no avail, for the court has no authority to detain the witnesses until it is determined whether an appeal is to be taken.

These considerations have led us to the conclusion that the

appeal in this case, taken after the mittimus had been issued and the prisoner had been removed from the court and had begun to serve his sentence, was taken too late. See *State* v. *Epperson,* 4 Mo. 90.

*Exceptions overruled.*