DOMINIC RENADO *vs.* HENRY T. LUMMUS & another.

Essex.   January 19, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Criminal,* Appeal, Suspension of sentence.   *Police, District and Municipal
Courts.   Jurisdiction.*

The right of appeal in a criminal case in a police, district or municipal court is
only from the sentence after conviction.

One, who on a January 6 was convicted in a police court of assault and battery
and was sentenced to pay a fine of $10 and to stand committed until it was paid,
when informed of his right to take an appeal, stated in open court that he did
not wish to appeal and waived his right to appeal, and requested a suspension
of the execution of the sentence.   Thereupon under St. 1905, c. 338, amending
R. L. c. 220, § 1, the judge ordered that the execution of the sentence be sus-
pended and that the defendant be placed on probation until the sitting of the
court on January 12 upon the condition that the fine should be paid during the
period of probation.   On January 12 it appeared that the fine still was unpaid.
The defendant then for the first time claimed an appeal from the sentence but
the judge refused to allow it.   *Held,* that the defendant's appeal came too late.

Where, after a conviction in a criminal case in a police, district or municipal court
and a sentence to pay a fine of $10 and to stand committed until the fine is paid,
the judge finds that the defendant is unable to pay the fine when it is imposed,
and probably will not default, and that it will not be detrimental to the interests
of the public to suspend the execution of the sentence and place the defendant

on probation, and therefore in accordance with St. 1905, c. 338, amending R. L. c. 220, § 1, suspends the sentence for six days on condition that the fine shall be paid meanwhile, and at the end of such six days, on representations of the probation officer, the judge finds that the fine has not been paid and that the defendant is able to pay it, and thereupon revokes the suspension of the execution of the sentence, the defendant has no right of appeal from such finding and revocation.

Where jurisdiction is given to a court or magistrate by a statute, and there is no provision for an appeal, the decision of the court or magistrate is final.

KNOWLTON, C. J. This is a petition for a writ of mandamus, to be directed to the judge and clerk of the police court of Lynn, to compel them to allow the petitioner's claim of appeal in a criminal case. On January 6, 1910, the petitioner was found guilty of the crime of assault and battery, and ordered to pay a fine of $10, and to stand committed until it was paid. He was informed of his right to take an appeal, whereupon he said in open court that he did not wish to appeal, and waived his right of appeal. He requested a suspension of the execution of the sentence, and thereupon the judge ordered that the execution of the sentence be suspended, and that the petitioner be placed on probation until the sitting of the court on January 12, 1910, upon condition that the fine should be paid during this period of probation. This order was made under the provisions of the R. L. c. 220, § 1, as amended by the St. 1905, c. 338.

At the sitting of the court on January 12, 1910, the probation officer reported that the fine was still unpaid, and that the petitioner was able to pay it. The petitioner then, for the first time, claimed an appeal from the sentence, but the judge refused to allow it. He then contended that the fine had been paid; but after a hearing the judge found to the contrary, and revoked the suspension of the execution of the sentence. From this finding and revocation the petitioner claimed an appeal to the Superior Court, and he renewed his claim of appeal from the sentence. But the judge refused to allow the appeal, and the clerk refused to enter or record it, or to transmit copies of the papers to the Superior Court.

A right of appeal in a criminal case in a police, district or municipal court is given only to one who has been convicted, and the appeal is only from the sentence, which corresponds to the judgment of the court in civil actions. R. L. c. 219, § 22.

Although this section does not say in terms that the appeal is to be from the sentence, this is its meaning. It is founded on earlier statutes. Rev. Sts. c. 138, § 1; Gen. Sts. c. 173, § 1; c. 120, § 46; Pub. Sts. c. 155, § 58; St. 1893, c. 396, § 48; and in all of these the express language is that the appeal is to be " from the sentence." In the last revision there was no intention on the part of the commissioners or the Legislature to change the meaning of the statutes in this particular. See also St. 1909, c. 381.

The petitioner having waived his right of appeal, and having requested and accepted a different provision for his benefit, his claim of an appeal six days afterwards, at a subsequent sitting of the court, came too late. *Weiner* v. *Wentworth*, 181 Mass. 15.

The remaining question is whether he had a right of appeal from the finding of the court that he had not performed the condition on which the execution of the sentence was suspended, and from the order revoking the suspension of the execution of the sentence.

The St. 1905, c. 338, amending R. L. c. 220, § 1, which was derived from St. 1900, c. 449, gives a person, convicted of a crime in a police, district or municipal court, an opportunity, if the judge so directs, to have the execution of his sentence suspended, and to be put on probation for such time and on such terms and conditions as the judge determines. One whose sentence is to pay a fine not exceeding $10 and to stand committed until it is paid, has a right, if the judge finds that he is unable to pay the fine at that time, and will not probably default, and that it will not be detrimental to the interests of the public, to have execution of the sentence suspended, and to be placed on probation. One of the conditions of the probation must be that the fine be paid during the period of probation.

We need not determine how far, if at all, the court has power to change conditions in the further disposition of the case, either by a modification of the sentence, or by dismissing the prosecution, or by putting the case on file, if there is a suspension of the execution of the sentence under the first part of this section. See *Marks* v. *Wentworth*, 199 Mass. 44; *Commonwealth* v. *Lobel*, 187 Mass. 288. The action in the present case was under the second provision, as the sentence was to pay a fine not exceeding

$10, which the petitioner was not able to pay at that time. We are of opinion that the action of the court, which was incidental to statutory proceedings for the benefit of the convicted person after the imposition of his sentence, was not subject to a right of appeal. It is not included in the right of appeal given by the statute. It is not necessary for the protection of the defendant in his right to a trial by a jury. This latter right is fully protected by the power to appeal from the sentence.

Where jurisdiction is given to a court or magistrate by a statute, and there is no provision for an appeal, the decision of the court or magistrate is final. *Fletcher* v. *Bartlett*, 10 Gray, 491. *Russell* v. *Goodrich*, 8 Allen, 150. *Mowry's case*, 112 Mass. 394. *Macaig's case*, 137 Mass. 467. *Young* v. *Blaisdell*, 138 Mass. 344. *Brown's case*, 173 Mass. 498.

These provisions are all intended for the benefit of convicted persons, and in mitigation of the punishment imposed by a sentence which, in the absence of an appeal, is a conclusive adjudication of their guilt. It is proper to entrust these matters of administration to the court, without a right of appeal. As no such right is given by the statute, the petitioner's claim was properly denied. *Brown's case*, 173 Mass. 498. *Commonwealth* v. *McGovern*, 183 Mass. 238.

*Petition dismissed.*

The case was submitted on briefs.

*J. W. Sullivan*, for the petitioner.

*W. S. Peters*, District Attorney, for the respondents.