JULIUS GABIS, petitioner.

Suffolk.   February 15, 16, 1922. — March 1, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Supreme Judicial Court,* Moot question.   *Writ of Error.*

The Supreme Judicial Court does not consider moot questions.

In a petition for a writ of error seeking to have declared invalid a judgment sentencing the petitioner to pay a fine of $100 and to be committed to the house of correction for one month, it appeared that on June 25, the time when the sentence was pronounced, the fine was paid and that the sentence then was suspended to the following December 27; that on August 5 the suspension of sentence was revoked and the petitioner was committed to the house of correction; that the petition was filed on August 30 and that the term of the sentence expired and the petitioner was released five days later.   No allegation of error occurring before August 5 was included in the petition.   *Held,* that

(1) The suspension of the sentence to a time certain was within the jurisdiction of the court;

(2) Consideration of the question, whether such portion of the sentence as related to imprisonment was unlawful, was moot for every practical purpose, and the petition must be dismissed.

PETITION, filed in the Supreme Judicial Court on August 30, 1921, asking for the issuance of a writ of error to the District Court of Central Middlesex and the reversal of a judgment of that court sentencing the petitioner as described in the opinion, for a writ of *scire facias* directed to the Commonwealth and for the discharge of the petitioner from custody.

The parties agreed that the facts as stated in the record, which are described in the opinion, were true and that the petitioner was released at the expiration of his term of imprisonment.

*E. M. Shanley,* (*J. F. Barry* with him,) for the petitioner.

*E. H. Abbot, Jr.,* Assistant Attorney General, for the Commonwealth.

RUGG, C. J.   This is a petition for a writ of error.   The petitioner was brought before a district court on a complaint charging him with the crime of keeping intoxicating liquor with intent to sell the same contrary to law.   He was found guilty and on June 25, 1921, was sentenced to pay a fine of $100 and to be committed to

the house of correction for the term of one month. It was then ordered that the sentence be suspended to December 27, 1921. The record of the court thereafter is in these words: "Fine paid June 25/21  On Aug. 5, 1921 suspension of sentence revoked and committed to the H[ouse] of Correction.  Mittimus." The single assignment of error is that on August 5, 1921, the district court had no jurisdiction to order execution of the part of the sentence relating to imprisonment after a part of the entire sentence had been executed by payment of the fine and the petitioner then had been permitted to go at large.

This petition was filed on August 30, 1921. Manifestly the sentence expired by its own terms five days later. The petitioner must have been discharged on September 4, 1921.

There is and could be no contention that there was any illegality in the sentence of fine and imprisonment imposed on June 25, 1921. That was within the terms of the statute. G. L. c. 138, §§ 2, 86. No allegation of error is made in the petition of anything occurring before August 5, when the suspension of sentence was revoked and the portion of the sentence as to commitment to the house of correction was put in execution. It is indubitable that the suspension of the sentence to a time certain was within the jurisdiction of the court. That was not a final but a temporary disposition. *Commonwealth* v. *Dowdican's Bail*, 115 Mass. 133. *Marks* v. *Wentworth*, 199 Mass. 44. *Renado* v. *Lummus*, 205 Mass. 155. G. L. c. 218, § 38. See *Ex parte United States*, 242 U. S. 27, 47–50. That sentence could not be revoked by writ of error because it was in conformity to law.

The alleged error relates only to the commitment to imprisonment at a time subsequent to the payment of the fine. That imprisonment, however, has been fully executed. Since the enactment of St. 1851, c. 87 (see now G. L. c. 250, § 12), if there is error in the sentence this court may render the correct judgment. Error in sentence is not now, as it formerly was, ground for discharge from a correct conviction. *Commonwealth* v. *Murphy*, 174 Mass. 369. Where the portion only of the sentence, of which complaint is made, is imprisonment which has been wholly served, there is nothing upon which the writ of error can operate. The conviction cannot be set aside. The fine was not erroneous. Consideration of the question whether such portion of the sen-

tence as relates to the imprisonment was unlawful, is moot for every practical purpose. This court does not consider moot questions. *Sullivan* v. *Secretary of the Commonwealth,* 233 Mass. 543. Cases like *Haynes* v. *Commonwealth,* 107 Mass. 194, *Commonwealth* v. *Fleckner,* 167 Mass. 13, *Walsh* v. *Commonwealth,* 224 Mass. 39, are distinguishable.

*Petition dismissed.*