SANTO MARIANO *vs.* JUDGE OF DISTRICT COURT OF CENTRAL BERKSHIRE & another.

Berkshire.   September 19, 1922. — November 27, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, & JENNEY, JJ.

*Mandamus. District and Municipal Courts. Practice, Criminal, Appeal. Words, "Conviction."*

A petition for a writ of mandamus ordering the judge and the clerk of a district court to allow and enter an appeal of the petitioner from a conviction will not be dismissed on the ground that the petitioner has served his sentence.

The imposition of a sentence after a finding or a plea of guilty in a district court constitutes a "conviction" as that word is used in G. L. c. 278, § 18, giving a right of appeal to the Superior Court, and in G. L. c. 279, § 1, providing for a suspension of the execution of the sentence and the placing of the defendant on probation.

The time for appeal from a conviction in a district court is immediately after the imposition of the sentence.

An appeal from a conviction in a district court, where execution of the sentence has been suspended under G. L. c. 291, § 1, must be taken at the time when the sentence is imposed.

A defendant was convicted in a district court and sentenced to an imprisonment for less than six months and the execution of the sentence was suspended for a year and he was put on probation. At the time the sentence was imposed, he was notified of his right to appeal and did not appeal. During the probationary year he was surrendered for violation of the terms of his probation, the suspension of sentence was revoked, the sentence was reduced at his request and compliance with it, as modified, was ordered. He then requested leave to appeal, which was refused. *Held,* that the defendant had lost his right of appeal by not claiming it when the sentence originally was imposed.

PETITION, filed in the Supreme Judicial Court on March 25, 1922, for a writ of mandamus commanding the judge of the District Court for Central Berkshire and the clerk of that court to allow the petitioner to appeal from the sentence described in the opinion.

The defendants severally filed answers. The material facts alleged in the answers are described in the opinion. The case was heard by *Carroll,* J., who found the facts to be as alleged in the answers and denied the petition. The petitioner alleged exceptions.

*P. J. Moore,* for the petitioner.

*C. L. Hibbard,* for the respondents, was in court but filed no brief and waived argument.

Rugg, C.J.    This is a petition for a writ of mandamus to compel the judge and clerk of a ·district court to allow the petitioner to claim an appeal from a sentence imposed in that court to the Superior Court.    The relevant facts upon which reliance now is placed are that on the third day of January, 1922, the petitioner was convicted in the district court of maintaining a liquor nuisance and sentence of imprisonment for less than six months was imposed, but the execution of the sentence was suspended by the court during the good behavior of the petitioner until the first day of January, 1923, and the petitioner placed on probation upon the usual terms.    At the time of the imposition of this sentence, the petitioner was notified of his right to appeal but he did not then appeal.    On the twenty-second day of March, 1922, the petitioner was again brought before the same district court charged with the commission of two new crimes and was found guilty.    On the same day he was surrendered for violation of his probation on the sentence of January 3, 1922, the judge revoked the suspension of the sentence and the probation order, reduced the sentence at the request of the petitioner, and ordered the sentence to be complied with.    Thereupon the petitioner requested leave to appeal from the sentence as modified, which was denied and he was committed.    The only question argued is whether he had a right to appeal on the twenty-second day of March, 1922, in the case on which he was sentenced first on January 3, 1922.

The petition will not be dismissed on the ground that the petitioner has served his sentence.    *Weiner* v. *Wentworth,* 181 Mass. 15.    The case at bar is distinguishable in this particular from *Gabis, petitioner,* 240 Mass. 465.

It is provided by G. L. c. 278, § 18, that "Whoever is convicted of a crime before a district court or trial justice may appeal to the Superior Court, and at the time of conviction shall be notified of his right to take such appeal."    The suspended sentence law is in G. L. c. 279, by § 1 of which it is enacted that "When a person convicted before a district court is sentenced to imprisonment, the court may direct that the execution of the

sentence be suspended, and that he be placed on probation for such time and on such terms and conditions as it shall fix." It is indubitable that the imposition of sentence after finding or plea of guilty constitutes "conviction" as that word is used in both these sections. It cannot mean the execution of sentence because there can be no appeal after the prisoner is in the custody of the law upon mittimus issued pursuant to sentence. Conviction ordinarily means a conclusive establishment of guilt. It imports that the question of guilt has been adjudicated and is not open to further inquiry as of right by the person convicted. See *Attorney General* v. *Pelletier,* 240 Mass. 264, 310, 311, and cases there collected.

The time for appeal from conviction in a district court manifestly must be immediately after the imposition of the sentence. This is the effect of several provisions of statute as well as of express decisions. That is the only practicable time for binding witnesses by recognizances to appear before the Superior Court. Sentences are to be executed forthwith unless suspended or stayed for the exceptional reasons permitted by law. G. L. c. 278, § 19; c. 279, § 34. *Commonwealth* v. *Hayes,* 170 Mass. 16. *Weiner* v. *Wentworth,* 181 Mass. 15. The extension of time for appeal afforded in instances of sentences of imprisonment for more than six months expressly exempts from its scope "sentences the execution of which is suspended." G. L. c. 218, § 31. The clear implication from this section is that appeal must be taken forthwith from all convictions where the sentence is suspended. See G. L. c. 276, § 87.

The suspended sentence statute by its terms and its plain purpose shows that it was intended to place the whole matter of final execution of the sentence within the supervision of the district courts, who through the probation officer can keep in close touch with the conduct of the person convicted but released temporarily from the execution of the sentence in order to afford opportunity for reformation.

The provisions as to suspended sentences are practical measures for the advantage of the person convicted in order that he may resume right relations to society. They are designed for the benefit of convicted persons by mitigating the punishment imposed by the sentence which otherwise in the absence of appeal must be

executed without delay. Their purpose in large part is to enable the person to get on his feet, to become law abiding and to lead a useful and upright life under the fostering influence of the probation officer. This plan would be frustrated if there remained the right at any time to upset the working of these influences by breaking the terms of the probation and appealing to the Superior Court. All the time and effort expended in his behalf would be wasted. The elaborate and expensive probation system in connection with the suspended sentence for district courts hardly would have been established provided there still remained the right in the person convicted, if discontented with the measures taken for his benefit and reformation, to remove his case from the jurisdiction of the district court to that of the Superior Court.

It follows that the conviction of the petitioner occurred on the third of January, 1922. That was a final judgment, from which he could appeal. If he desired to appeal, then and then only was the time to exercise that right. The suspension of the execution of his sentence was a favor extended to him to the end that he might demonstrate his desire and capacity to abandon criminal practices, and the laws in that regard did not become operative until his right to appeal had been waived or lost by lapse of time. Only the final disposition as to the execution of the sentence was postponed. *Gabis, petitioner,* 240 Mass. 465. *Marks* v. *Wentworth,* 199 Mass. 44.

The respondents rightly refused to allow the petitioner to appeal on March 22, 1922, because his right to appeal then was gone, having come to an end on January 3, 1922. This conclusion is supported by the reasoning of *Renado* v. *Lummus,* 205 Mass. 155.

*Petition dismissed.*