GEORGE J. FORCIER *vs.* STEWART W. HOPKINS.

Worcester. September 22, 1952. — January 8, 1953.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Evidence,* Of criminal proceedings. *Practice, Criminal,* Sentence. *Practice, Civil,* Exhibits to jury room. *Words,* "Conviction."

A suspended sentence for a crime is a final judgment and a "conviction" within G. L. (Ter. Ed.) c. 233, § 21, as amended. [670–671]

The admissibility of a record of conviction of a misdemeanor to affect the credibility of a witness in an instance where the sentence was suspended was not affected by the amendment of G. L. (Ter. Ed.) c. 233, § 21, by St. 1950, c. 426, whereby express reference was made to suspension of sentence in connection with records of conviction of felonies. [671]

Records of conviction of crime admitted in evidence under G. L. (Ter. Ed.) c. 233, § 21, as amended, might properly be taken to the jury room. [672]

TORT. Writ in the Superior Court dated April 10, 1950. The action was tried before *O'Brien,* J.

*Thomas M. Dooling,* (*Max L. Rubin* with him,) for the plaintiff.

*Stanley B. Milton,* (*Robert C. Milton* with him,) for the defendant.

WILLIAMS, J. This is an action of tort for personal injury and property damage resulting from a collision of automobiles operated respectively by the plaintiff and the defendant. There was a verdict for the defendant. The plaintiff's exceptions, which are before us, relate principally to a matter of evidence. In cross-examination of the plaintiff, who had testified in his own behalf, counsel for the defendant offered the records of two convictions of the plaintiff of misdemeanors committed in 1951. The first record was that of a complaint for assault on which the plaintiff was found guilty in the District Court and given a sentence in the house of correction for six months, which sentence was suspended for two years and the plaintiff placed on probation. The second record was that of a complaint for being a lewd person on which the plaintiff was found guilty in the District Court and sentenced to four months in the house of correction, which sentence was suspended for a year and the plaintiff placed on probation. Both records were admitted in evidence subject to the exceptions of the plaintiff and the jury were instructed that they were in evidence "solely to affect the credibility of the plaintiff as a witness." The plaintiff also excepted to a ruling of the judge permitting the records to be taken into the jury room.

Under G. L. (Ter. Ed.) c. 233, § 21, it is provided that "The conviction of a witness of a crime may be shown to affect his credibility." Prior to the amendment of this section by St. 1950, c. 426, the statute made the admissibility of records of conviction subject to the following exceptions: "First, The record of his conviction of a misdemeanor shall not be shown for such purpose after five years from the date on which sentence on said conviction was imposed, unless he has subsequently been convicted of a crime within five years of the time of his testifying. Second, The record of his conviction of a felony upon which a fine only was imposed, or a sentence to a reformatory prison, jail, or house of correc-

tion, shall not be shown for such purpose after ten years from the date on which sentence on said conviction was imposed, unless he has subsequently been convicted of a crime within ten years of the time of his testifying. Third, The record of his conviction of a felony upon which a state prison sentence was imposed shall not be shown for such purpose after ten years from the date of expiration of the minimum term of imprisonment imposed by the court, unless he has subsequently been convicted of a crime within ten years of the time of his testifying." Paragraph "Second" was stricken out by the 1950 statute and the following paragraph inserted in its place: "Second, The record of his conviction of a felony upon which no sentence was imposed or a sentence was imposed and the execution thereof suspended, or upon which a fine only was imposed, or a sentence to a reformatory prison, jail, or house of correction, shall not be shown for such purpose after ten years from the date of conviction, if no sentence was imposed, or from the date on which sentence on said conviction was imposed, whether the execution thereof was suspended or not, unless he has subsequently been convicted of a crime within ten years of the time of his testifying. For the purpose of this paragraph, a plea of guilty or a finding or verdict of guilty shall constitute a conviction within the meaning of this section."

The plaintiff contends, first, that by specifically providing in the substituted paragraph for the admission in evidence of the record of conviction of a felony where the sentence was suspended, the Legislature impliedly intended to make inadmissible the record of conviction of a misdemeanor where similarly the sentence was suspended; and, second, that a sentence which has been suspended is not a final judgment and, therefore, the record of it is not admissible. Since the enactment of St. 1852, c. 312, § 60, on which G. L. (Ter. Ed.) c. 233, § 21, is based, this court has held consistently that the term "conviction" as used in the statute means a judgment that conclusively establishes guilt after a finding, verdict, or plea of guilty. *Commonwealth* v. *Gorham*, 99 Mass. 420. *Attorney General* v. *Pelle-*

*tier*, 240 Mass. 264, 310–311. *Boston* v. *Santosuosso*, 307 Mass. 302, 330–331. *Commonwealth* v. *Hersey*, 324 Mass. 196, 205. In a criminal case the sentence is the judgment. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 19–20. *Commonwealth* v. *Millen*, 290 Mass. 406, 411. Suspension of the execution of the sentence by direction of the court under G. L. (Ter. Ed.) c. 279, § 1, as amended, does not affect the finality of the judgment. See *Renado* v. *Lummus*, 205 Mass. 155; *Mariano* v. *Judge of District Court of Central Berkshire*, 243 Mass. 90; *Boston* v. *Santosuosso*, 307 Mass. 302, 331. The sentence is not vacated by its suspension. The suspension is not a final disposition of the case (*Gabis, petitioner*, 240 Mass. 465, 466), and, when revoked, the sentence may be enforced. *King* v. *Commonwealth*, 246 Mass. 57, 60. *Finer* v. *Commonwealth*, 250 Mass. 493, 497. The records which were admitted in evidence were records of final judgments which conclusively established the plaintiff's guilt of the offences charged.

The 1950 statute does not affect the meaning of the term "conviction" as applied to misdemeanors. "The maxim of statutory construction that the expression of one thing is the exclusion of another . . . is not conclusive of legislative intent, but is to be considered with regard to the object sought to be obtained by the entire legislation of which the subject matter to which it relates is but a part." *Simmons* v. *County of Suffolk*, 230 Mass. 236, 237. See *County of Bristol* v. *Secretary of the Commonwealth*, 324 Mass. 403, 407. It is to be presumed that when the 1950 statute was enacted the Legislature knew of the interpretation of the word "conviction" which had been settled by a long line of judicial decisions. *Devney's Case*, 223 Mass. 270, 271. *Proprietors of the Cemetery of Mount Auburn* v. *Unemployment Compensation Commission*, 301 Mass. 211, 213. *Sullivan* v. *Ward*, 304 Mass. 614, 616. In our opinion the statutory change in the meaning of the term "conviction" in relation to felonies did not affect the meaning of the term as applied to misdemeanors.

There was no error in admitting the records for the pur-

pose stated by the judge. There was also no error in allow-
ing the records, which were in evidence, to be taken to the
jury room. *Burghardt* v. *Van Deusen,* 4 Allen, 374, 378.
*Portland Gas Light Co.* v. *Ruud,* 242 Mass. 272, 276.

*Exceptions overruled.*