CHRISTIAN YOUNKER vs. DISTRICT COURT OF NATICK
& another.[1]

Suffolk. October 5, 1977. — December 20, 1977.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, LIACOS, & ABRAMS, JJ.

*Practice, Criminal, Appeal, Sentence.*

An appeal under G. L. c. 278, § 18, lies when a defendant who has been found guilty in a District Court is given straight probation or a suspended sentence and probation. [34]

A defendant who was given probation upon a finding of guilty in a District Court was not entitled to claim an appeal of the finding under G. L. c. 278, § 18, after his probation was revoked but was required to claim it at the time the finding was made. [35-36]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 31, 1977.

The case was reserved and reported by *Kaplan, J.*

*Robert S. Potters* for the plaintiff.

*Peter W. Agnes, Jr.,* Assistant District Attorney, for the defendants.

KAPLAN, J. In this civil action in the nature of mandamus (see Mass. R. Civ. P. 81 [b], 365 Mass. 841 [1974]; G. L. c. 249, § 5), lodged in this court for the county of Suffolk, a statement of agreed facts is to the following effect. The plaintiff Younker on July 26, 1976, was found guilty after trial in the District Court of Natick on a complaint charging him with the use of a motor vehicle without authority (G. L. c. 266, § 28). Thereupon the judge presiding, who is a defendant in the present action, placed the plaintiff on

[1] Clerk of the District Court of Natick.

probation for one year. The clerk of court, also a defendant herein, informed the plaintiff in open court that he had a right to appeal the finding of guilty to the Superior Court for trial de novo under G. L. c. 278, § 18. The plaintiff, represented by counsel, did not claim an appeal. Within the year, on January 11, 1977, the plaintiff appeared before the same judge to answer to a warrant charging him with violating the terms of probation and, after hearing, the judge revoked probation and sentenced the plaintiff to jail for thirty days. When that sentence was rendered, the plaintiff through counsel claimed an appeal of the finding of July 26, 1976. The judge ordered the clerk not to record the appeal.

By the present action the plaintiff seeks judgment directing the judge to vacate his order to the clerk, and directing the clerk to record the appeal as timely made under G. L. c. 278, § 18. On the statement of agreed facts (together with complaint and answer), a single justice of this court, without opinion, reserved and reported the case for decision by the full bench.

Implicated are these questions: Does any appeal for trial de novo lie from the finding of guilty when a defendant is simply placed on probation? If appeal lies, must it be claimed at that time, or may the defendant at his option claim the appeal when his probation is later revoked and he is fined or imprisoned? We hold that appeal lies, but it must be claimed when the finding is made, otherwise it is lost.

It is well to consider G. L. c. 278, § 18, as it stood before amendments of 1973 and 1974 (St. 1973, c. 657; St. 1974, c. 167) brought about the present text. The prior version read in part: "Whoever is convicted of a crime before a district court may appeal to the superior court, and at the time of conviction shall be notified of his right to take such appeal." There was a widespread belief that "conviction" connoted thoroughgoing finality, unconditional fine or imprisonment, so that, if a penalty was pronounced, but was suspended with probation, it did not count as a conviction upon which appeal could be claimed, and, a fortiori, straight probation would not be a conviction for that pur-

pose. See K.B. Smith, Criminal Practice and Procedure §§ 744-745 (1970). If a defendant evinced a desire to appeal a suspended sentence to the Superior Court for a trial de novo, the practice among many judges of the District Courts was to accommodate the defendant by instantly revoking the suspension and allowing appeal from the sentence thus falling in; if appeal was sought of straight probation, presumably fine or imprisonment would be substituted with the appeal allowed on that basis. *Id.* The unavailability of appeal in these cases except by such a contrivance, which may have had the effect of artificially discouraging appeals, was attacked in a report entitled "The Quality of Justice in the Lower Criminal Courts of Metropolitan Boston" rendered in 1970 by the Lawyers Committee for Civil Rights under Law to the Governor's Committee on Law Enforcement and the Administration of Justice. See pp. 84-90, 113. About the same time the American Bar Association's Standards Relating to Probation (Approved Draft 1970) made a strong case for allowing immediate review of a guilty finding which underlies straight probation. See § 1.1(e) and commentary.[2]

Although the practice ran to the contrary, in point of fact a decision of 1922, *Mariano v. District Court of Cent. Berkshire,* 243 Mass. 90, implied rather clearly that appeal could be taken to the Superior Court from a suspended sentence in the District Court, "conviction" being assimilated to "final adjudication of guilt." *Id.* at 92.[3] This likely reading of the

---

[2] The commentary reads in part: "There may be error of such magnitude that the defendant should not be subject to any sanction, and yet the only way the case can be tested on appeal is to forgo a sentence to probation; postponed appeals would have to be granted if probation were later revoked, and it could well be that a new trial would result years after the original and at a time most inconvenient to both the state and the offender; the conviction, even though probation may be the sentence, can have serious collateral consequences the basis for which may never be testable on appeal."

[3] There was difficulty in putting together the prior cases of *Marks v. Wentworth,* 199 Mass. 44 (1908), *Renado v. Lummus,* 205 Mass. 155 (1910), and *Commonwealth v. Carver,* 224 Mass. 42 (1916).

*Mariano* case was pointed out by the First Circuit Court of
Appeals in *Grayson* v. *Montgomery,* 421 F.2d 1306, 1307
n.1 (1970),[4] and in *Commonwealth* v. *Reed,* 364 Mass.
545, 546-547 (1974), we took the opportunity so to construe
the *Mariano* case, and that on that basis we went on to hold
that straight probation in the Superior Court was an ad-
judication sufficiently final to be subject to review here. See
*McHoul* v. *Commonwealth,* 365 Mass. 465, 469 (1974). See
also *Korematsu* v. *United States,* 319 U.S. 432 (1943); *Ber-
man* v. *United States,* 302 U.S. 211 (1937).

Meanwhile § 18 was being revised. The present text is in
part as follows: "Whoever is found guilty of a crime before a
district court may appeal the finding of guilty or the
sentence imposed thereon to the superior court or may ap-
peal to and claim a jury of six in a district court in accord-
ance with [c. 218, § 27A][5] and at the time of such finding of
guilty or sentencing shall be notified of his right to take such
appeal."[6] Especially in the light of its background, this pro-
vision should surely be taken to mean that appeal lies to the
Superior Court or jury of six in the situation of a guilty find-
ing with straight probation or with suspended sentence and
probation.

---

[4] It may also be noted that in *Commonwealth* v. *Barrasso,* 342 Mass.
680 (1961), this court without comment entertained an appeal from a
suspended sentence in the Superior Court.

[5] Where permitted by the cited statute, trial de novo by a jury of six in
the District Court is a counterpart of trial de novo in the Superior Court.

[6] In full text, § 18 reads as follows (note that the last sentence repeats in
substance the first sentence): "Whoever is found guilty of a crime before a
district court may appeal the finding of guilty or the sentence imposed
thereon to the superior court or may appeal to and claim a jury of six in a
district court in accordance with section twenty-seven A of chapter two
hundred and eighteen and at the time of such finding of guilty or sentenc-
ing shall be notified of his right to take such appeal. The case shall be
entered in the superior court on the return day next after the appeal is
taken, and the appellant shall be released on personal recognizance or
committed, in accordance with the procedures set forth in section fifty-
eight of chapter two hundred seventy-six, until he recognizes to the com-
monwealth, in such sum and with such surety or sureties as the court re-

On the present appeal, however, the plaintiff argues that the provision goes beyond permitting a criminal defendant an immediate appeal from the finding of guilty incident to the probation; taking into account the "or" wording, the provision, so the argument goes, allows a defendant to exercise an option to appeal this finding when probation is revoked for violation of its conditions and fine or imprisonment is imposed. The bare "or" language may suggest such an interpretation but the subsequent text seems inharmonious. Nothing in the background of the 1973-1974 amendments lends the interpretation positive support. It would run counter to the traditional practice in the District Courts, consonant with the character of those courts, that, except as otherwise prescribed, a defendant claims his appeal when a right to appeal accrues, and not later. The *Mariano* case indeed held that an appeal for trial de novo upon a suspended sentence came too late when claimed at the time the suspension was revoked.[7] Cf. *Weiner* v. *Wentworth*, 181 Mass. 15 (1902). Rule 9 of the Initial Rules of

---

quires, with condition to appear at the superior court on said return day and at any subsequent time to which the case may be continued, if not previously surrendered and discharged, and so from time to time until the final sentence, order or decree, and not depart without leave, and in the meantime to keep the peace and be of good behavior. If the appellant is not released on personal recognizance and is committed for failure to recognize, the superior court shall thereupon have jurisdiction of the case for the purpose of revising the amount of bail required as aforesaid. The appellant shall not be required to advance any fees upon claiming his appeal or in prosecuting the same. Notwithstanding any other provision of law, a defendant, after a finding of guilty in a district court, may appeal therefrom and shall thereafter be entitled to a trial de novo in the superior court or may appeal to and claim a jury of six in a district court in accordance with said section twenty-seven A."

[7] The court in *Mariano* laid stress on the last sentence of G. L. c. 218, § 31: "No order shall be made for the commitment of a person to a jail or house of correction upon a sentence of more than six months, imposed by a district court, until at least one day after the imposition of such sentence. Before such order is made, he shall be notified of his right of appeal to the superior court, and he may exercise such right, as provided by law, until such order is made. This section shall not apply to sentences the execution of which is suspended."

Criminal Procedure for the District Courts of Massachusetts (1971)[8] states generally: "In all cases where the defendant has a right to appeal to the Superior Court or to a jury of six sitting in a District Court he shall be so notified by the session clerk or the judge and shall be granted a reasonable time to make a decision after conferring with his counsel, or, if unrepresented, to make reasonable inquiry of the judge as to the procedures afforded him for this purpose."[9]

Considerations of policy do not counsel a departure from this practice in the present setting. Were the plaintiff's interpretation of § 18 adopted, a criminal defendant choosing to postpone review of the finding of guilty would be creating some disincentive on his own part to carry out the conditions of probation, for a prospect would remain of reversing the finding at retrial after probation was revoked. And with the lapse of time, evidence of guilt, as of innocence, would tend to deteriorate or vanish.[10] Whether the requirement that appeal from the guilty finding be taken at the time, if it is to be taken at all, will increase the number of meritless appeals, we think problematical. We should add that the same requirement appears to be envisaged in the ABA Standards, mentioned above.[11]

*Judgment for defendants.*

___

[8] The same rule 9 is in force for the Municipal Court of the City of Boston.

[9] *Corey* v. *United States*, 375 U.S. 169 (1963), which may be cited for the "optional" view urged by the defendant, arose in a different context, and is not apposite here.

[10] See note 2 *supra*.

[11] From § 1.1.(e) and § 5.4(d), with commentaries, it appears that the Standards contemplate appeal attacking the guilty finding taken when probation is ordered, with possible later appeal from revocation of probation on grounds unconnected with the guilty finding.