## COMMONWEALTH *vs.* JOHN HAYES.

Plymouth.   October 19, 1897. — November 27, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Statute — Power to stay Execution.*

Where the power to stay execution of sentence under St. 1895, c. 469, entitled "An Act relative to sentence in criminal cases," is at an end, the court has no power to stay execution at a term subsequent to that in which sentence was pronounced on ground independent of the statute.

COMPLAINT, for keeping and maintaining a liquor nuisance in Brockton.   At the February term, 1896, of the Superior Court, the defendant was convicted of keeping and maintaining a nuisance.   He alleged exceptions, which were duly allowed.   On the day of the conviction, sentence was asked for and imposed. The defendant asked for a stay of execution of sentence, which was granted by *Mason*, C. J.   The exceptions were duly argued, and in November, 1896, were overruled.   At the next term of the Superior Court, in February, 1897, the District Attorney moved that the order of stay be vacated.   The defendant thereupon offered to show to the court that he was not in physical condition to endure imprisonment, and asked the court, in the exercise of its discretion, not to grant the order of vacation.

*Sheldon*, J. declined to hear the evidence, and granted the motion of the District Attorney.   The judge, in refusing to receive the evidence offered, ruled that he had no discretion in the matter, as the evidence, while competent upon the question of fixing sentence originally, was not competent upon the question of granting the motion for vacation of the order of stay.

The defendant alleged exceptions.

*B. W. Harris,* for the defendant.

*R. O. Harris,* District Attorney, for the Commonwealth.

HOLMES, J.   The statute requiring sentence to be imposed notwithstanding exceptions or appeal provides also that exceptions or an appeal shall not stay execution unless a certificate is filed that there is reasonable doubt whether the judgment should stand.   St. 1895, c. 469, § 2.   It seems to us to follow

that a stay granted on the footing of such a certificate necessarily comes to an end when the doubt is removed by the decision of this court, and that the decision of the judge with reference to the order before him was right.

If we are to regard the offer of evidence and the ruling as applying not merely to the question of the stay under the statute, but also to an independent motion to grant a further stay, implied perhaps in the offer, we are of opinion that the judge had no power to grant such a motion upon the ground of the defendant's health. The term in which the sentence was pronounced was past, and the power of the court to modify it was at an end. *Commonwealth* v. *Weymouth*, 2 Allen, 144. *Mason* v. *Pearson*, 118 Mass. 61. An ordinary sentence of fine or imprisonment imports that it is to be carried into execution forthwith. The statutes direct that, when a person convicted of an offence is sentenced to pay a fine or to be imprisoned, the clerk of the court " shall, as soon as may be, make out and deliver " to the proper officer a certified transcript from the minutes of the court of such conviction and sentence, " which shall be a sufficient authority for the officer to execute such sentence, and he shall execute it accordingly." Pub. Sts. c. 215, § 25. It has been held in several States, apart from statute so far as appears, that the term of imprisonment under a sentence begins on the day of the sentence. *Ex parte Meyers*, 44 Mo. 279, 283. *Miller* v. *State*, 15 Fla. 575, 576. *People* v. *Lincoln*, 62 How. Pr. 412. 10 Am. & Eng. Encyc. of Law, 199.

It would seem to follow that a stay of execution, so far as it goes, is a modification of a term which in view of the law is embodied in the sentence no less than if it were expressed. It is unnecessary to consider possible exceptions or such early English precedents as Dyer, 205 *a*, pl. 5, 2 Hale, P. C. 412. The question of the extent of the power to suspend sentence is so far a different one that the cases upon that subject do not throw much light upon the one at bar.

*Exceptions overruled.*