COMMONWEALTH *vs.* EDWARD F. O'BRIEN.

Bristol.    October 23, 1899. — December 6, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Modifying Original Sentence — Imposing Sentence at a Sitting of the Court*
*for Civil Business.*

On December 3, 1897, a person, having been found guilty of obtaining property by
false pretences on October 31, 1894, was immediately sentenced to imprisonment
in the state prison for not less than three or more than five years. After announc-
ing the sentence the clerk said, " Mr. Sheriff, the prisoner at the bar is in your cus-
tody under sentence." Exceptions having been taken, the judge soon after, at the
defendant's request, made an order staying the execution of the sentence, and
the prisoner, who had remained in the court-room with the sheriff, was admitted
to bail. No transcript under Pub. Sts. c. 215, § 25, was ever delivered or made
out. The exceptions, having been argued in this court in October, 1898, were
overruled in November, 1898. On the receipt of the rescript the defendant was
not present in the Superior Court and was defaulted. A capias was issued, on
which he was arrested and brought before the court on January 16, 1899, at a
regular sitting for the transaction of civil business, the District Attorney moving
that such sentence should be imposed as would be applicable, having informed
the judge that the original sentence was under St. 1895, c. 504, which had been
held by this court inapplicable to offences committed before January 1, 1896.
The judge, against the defendant's objection and subject to his exception, sen-
tenced him to a term of three years in the state prison, the first day of which
was to be in solitary confinement, and the balance at hard labor. *Held,* that the
judge had the power to modify the original sentence and make it conform to
the law, and that the objections that the sentence could not be imposed at a
sitting of the court for the transaction of civil business, and that the judge was
engaged in the transaction of civil business a little before and a little after im-
posing it, could not avail.

INDICTMENT, for obtaining property by false pretences. Hear-
ing in the Superior Court before *Fessenden,* J., who imposed
sentence as recited in the opinion, and the defendant alleged
exceptions. The facts appear in the opinion.

*C. R. Cummings,* for the defendant.

*L. LeB. Holmes,* District Attorney, for the Commonwealth.

KNOWLTON, J. On December 3, 1897, the defendant was
found guilty of having obtained property by false pretences, and
was immediately sentenced to imprisonment in the state prison
for not less than three years or more than five years. The
offence was committed on October 31, 1894. After announcing

the sentence the clerk said to the sheriff: "Mr. Sheriff, the prisoner at the bar is in your custody under sentence." Exceptions having been taken, the court, about a half or three quarters of an hour later, at the request of the defendant, made an order staying the execution of the sentence, and the prisoner was admitted to bail. In the meantime he had remained in the court-room in the custody of the sheriff. No transcript under the Pub. Sts. c. 215, § 25, was ever delivered or made out. The exceptions were argued in this court in October, 1898, and were overruled in November, 1898. *Commonwealth* v. *O'Brien*, 172 Mass. 248. On the receipt of the rescript the defendant was not present in the Superior Court, and was defaulted. A capias was issued, on which he was arrested and brought before the court on January 16, 1899, at a regular sitting held in Fall River for the transaction of civil business. While the court was in session the District Attorney moved for sentence against the defendant, and informed the presiding justice that the original sentence was under St. 1895, c. 504, which in the case of *Murphy* v. *Commonwealth*, 172 Mass. 264, had been held inapplicable to offences committed prior to January 1, 1896, and suggested to the court that a sentence should be imposed which would be applicable. Thereupon the court, against the defendant's objection and subject to his exception, sentenced him to a term of three years in the state prison, the first day of which was to be in solitary confinement and the balance at hard labor.

It is contended that the court had no power to modify the original sentence which had been imposed immediately after the trial. When criminal business could be done only at regular terms of the court held for that purpose, and before the enactment of the statute directing the imposition of sentence on conviction in all cases notwithstanding exceptions, it was held that sentences could be changed during the term of the court at which they were imposed and not afterwards. This rule was founded on the doctrine that the imposition of a sentence in a criminal case, when finally completed and embodied in the record of the court, was the end of the case, after which the proceeding was no longer pending, and the court was without jurisdiction to take further action, unless on an appeal or other authorized supplemental proceeding some error was discovered. Such a sentence

was like the formal entry of a final judgment in a civil action, or the enrolment of a final decree in equity. But it was held that until the end of the term the final record was not completed, and that the matter remained so far in the breast of the judge that he could revise his action in regard to an unexecuted sentence, and change the judgment in any proper way. *Commonwealth* v. *Weymouth,* 2 Allen, 144. *Mason* v. *Pearson,* 118 Mass. 61. *Commonwealth* v. *Foster,* 122 Mass. 317, 323.

There are two recent statutes which modify this doctrine, the St. of 1895, c. 469, which directs the imposition of sentences on conviction notwithstanding exceptions, and gives power to the presiding justice or a justice of this court afterwards to stay the sentence ; and the St. of 1897, c. 490, which abolished . criminal terms. The effect of the first of these statutes is to continue in the Superior Court jurisdiction of the case for some purposes after the imposition of a sentence and after the expiration of the term at which the sentence is imposed. There is power in the court to make an order staying the execution of the sentence immediately after it is imposed, or at a later time, and admitting the defendant to bail or otherwise providing for his custody. This implies a power, if exceptions are overruled, to make an order which shall put the sentence in execution. The case remains in the Superior Court so far unfinished that the court has jurisdiction to make proper orders, not only to stay the execution of the sentence, but also at the proper time to enforce the sentence. The decision in *Commonwealth* v. *Hayes,* 170 Mass. 16, implies that, under the statute, the power of the court after exceptions are overruled to vacate the order staying the sentence, and to order the sentence executed, does not extend so far as to permit a further stay of the sentence on independent grounds not affecting the legality or propriety of the conviction. That case arose before the enactment of the statute abolishing terms, and the limitation of the revisory power of the court in regard to sentences to the term in which the sentence was imposed is referred to in the opinion. This decision does not conflict with the establishment of a rule that the power of the court to deal with the sentence whenever the exceptions are overruled, so far as to vacate the order staying execution, and to direct the execution of it, impliedly includes the power to correct any illegality

or error in a sentence, provided it then remains wholly unexecuted. We see no good reason why this power should not be included. That the occasion is after the expiration of the sitting at which the sentence was imposed ought not to prevent the exercise of the power, in view of the implied authority at that time to deal with the sentence so far as to carry it into execution, and in view of the statute abolishing terms.

If the sentence in this case had been executed in part before the order staying it, a different question might have arisen, and the rights of the defendant might have been so affected by a change of the sentence that there should have been simply an order for execution of the sentence, and errors should have been left to be corrected upon a writ of error. See Pub. Sts. c. 187, § 13. *Murphy* v. *Commonwealth*, 172 Mass. 264. But the sentence was wholly unexecuted at the time of the order revising it. Up to the time of the stay of the sentence there had been no transcript such as is prescribed by the Pub. Sts. c. 215, § 25, as authority to an officer to execute the sentence, and as a preliminary to the execution of it. If there had been occasion for the sheriff to exercise authority over the defendant before the transcript was made out, he would have acted as an officer of the court and under its direction, in order that the prisoner might be detained until the order of sentence could be made complete by the preparation of the transcript and the delivery of it to the officer. The St. 1859, c. 248 (Gen. Sts. c. 174, § 21), which declares that a prisoner's sentence " shall be computed from the time he is ordered to remain in the custody of the sheriff," was repealed by St. 1880, c. 120, § 6, and is not now in force.

While the defendant was in the custody of the officer who held him upon a capias after his default, he was not held in execution of the sentence. The capias was issued, and he was arrested that he might be before the court, as he had agreed to be, for further proceedings which would put the sentence into execution. His rights were not injuriously affected by the change in the sentence. *Commonwealth* v. *Weymouth*, 2 Allen, 144, 147.

The remaining objection to the sentence is that it could not be imposed at a sitting of the court for the transaction of civil business. This objection is met by the following provision of St.

1897, c. 490, § 1: " The Superior Court shall always be open for criminal business in every county, and there shall no longer be terms for such business.   Any business of said court or of the justices thereof in criminal cases may be transacted at any time." Whenever and wherever the court chooses to sit for the transaction of criminal business in any county, except on Sundays, it may do such business.   Under this statute trials by jury can only be had at regular or at specially authorized sittings.

The fact that the court was engaged in the transaction of civil business a little before and a little after imposing this sentence is immaterial.                                *Exceptions overruled.*