## COMMONWEALTH *vs.* AFCIN LOBEL.

Suffolk.    November 16, 1904. — January 7, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Practice, Criminal,* Revision of sentence.    *Superior Court.*

When the sentence in a criminal case is stayed under R. L. c. 220, § 3, to await a decision upon exceptions, the overruling of the exceptions does not end the case, which remains in court for further action to enforce the sentence, and when the case comes up for such action the trial court has power to revise its sentence, although such a revision should not be granted except for the purpose of correcting a manifest error of law or fact.

INDICTMENT FOR LIBEL, found and returned on October 11, 1902.

In the Superior Court the defendant was tried before *Bond,* J., and the jury returned a verdict of guilty.    The subsequent proceedings are stated in the opinion.

*S. R. Cutler & H. W. James,* for the defendant.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth.

KNOWLTON, C. J.    The defendant was tried in the Superior Court and found guilty of a criminal offence, and exceptions were taken to rulings made at the trial.    Afterwards he was sentenced, and execution of the sentence was stayed upon motion by an order of the court, before any part of it had been executed.    The exceptions were entered in this court, but afterwards were waived, and thereupon a rescript was sent to the Superior Court accordingly.    The defendant then filed a motion for revision of the sentence, which motion was denied on the ground that the court had no power to grant it.    An exception to this ruling presents the only question before us.

The case of *Commonwealth* v. *O'Brien,* 175 Mass. 37, goes far towards a determination of this question.    It was held in that case, after the disposition of the exceptions in this court, when the case came before the Superior Court for an order vacating the original order staying the execution of the sentence, that it was in the power of the Superior Court to revise the sentence for the correction of an error of law.    The case of *Commonwealth*

v. *Hayes,* 170 Mass. 16, was considered, and limited to the precise point decided in it. It was said that, "the power of the court to deal with the sentence whenever the exceptions are overruled, so far as to vacate the order staying execution, and to direct the execution of it, impliedly includes the power to correct any illegality or error in a sentence, provided it then remains wholly unexecuted." There is no good ground for a distinction between the power to correct an error of law and the power to correct an error of fact. Under the statute which makes it the duty of the court in criminal cases to impose a sentence after a verdict of guilty, notwithstanding exceptions, the imposition of a sentence in a case in which exceptions are pending is not a final decision of the case, as the imposition of a sentence was under the former law, in a case in which there were no exceptions. Formerly a prisoner could not be sentenced so long as exceptions remained undisposed of, and when a case was ripe for a sentence and the sentence was imposed, and the term of the court was ended, the case was finally ended, and could not be revived unless upon a writ of error or some other new proceeding. But when a sentence is stayed under the R. L. c. 220, § 3, to await a decision upon exceptions, the case is not ended, but remains in the court for further action that shall put the sentence into execution if the exceptions are overruled. When the case comes up for further proceedings, there is nothing in the law that prevents the court from correcting errors of law or errors of fact which enter into a sentence no part of which has been executed.

It would not be proper for a court, when called upon to vacate an order staying a sentence, to entertain a motion for a revision of the sentence, unless cogent reasons are given for opening a matter which has been regularly, and, under ordinary circumstances, finally disposed of. An application for such a revision is like a motion for a new trial, and should not be granted except for manifest errors, like those which will justify an order for a new trial in an ordinary case. But it would be too strict a rule, when the case is before the court to obtain an order for the execution of the sentence, to hold that the court has no power to revise its own order, to correct a manifest error and to prevent injustice.                                *Exceptions sustained.*