COMMONWEALTH *vs.* ANTONIO MARRELLI.

Bristol.   January 17, 1929. — January 30, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Practice, Criminal,* New trial, Exceptions.   *Superior Court,* Jurisdiction.

Correction by RUGG, C.J., with citation of authorities, of the use of the word "memorandum" in a record as referring to a statement in writing by a judge of the Superior Court of a decision and ruling of law.

Within one year after his conviction, sentence and commitment to State prison, a defendant filed a motion for a new trial on the ground of newly discovered evidence.   The motion was denied and the defendant alleged exceptions.   In his bill of exceptions was the following, respecting the hearing before the judge:   "At the opening of the hearing, before any argument, and without reading or examining the affidavits, the defendant's counsel having informed the court as to this motion and contents," the judge "ruled by authority of *Commonwealth* v. *Weymouth,* 2 Allen, 144, and cases following and confirming the same that he had no jurisdiction as a matter of law to entertain the motion and that in any event he would not entertain the motion without corroborative evidence because two of the affidavits were executed by inmates of the Massachusetts State prison. Attorney for the defendant said he was prepared to go ahead with corroborative evidence and to argue the motion."   The record stated further that, in response to a request by defendant's counsel, the judge reduced his rulings to writing, stating in substance: "1. After hearing the defendant and . . . [the assistant district attorney] the motion for new trial is overruled, if considered on the value or merits of the affidavits.   2. After sentence has been executed and the mittimus served and the defendant confined to State prison this

court is without jurisdiction to entertain a motion for a new trial on any grounds. 3. The order will be that defendant's motion for new trial is denied." *Held*, that

(1) The statement by the judge, embodied in the bill of exceptions, that the defendant was heard, bound him, and he could not complain in this court that he was not given a hearing;

(2) While the record was susceptible of the inference that the judge declined to receive "corroborative evidence" in support of affidavits annexed to the motion, no exception to such refusal was saved;

(3) While the ruling by the judge that he had no legal authority to entertain the motion was wrong, it did not taint the action of the judge in overruling the motion for a new trial on consideration of its merits and the value of its supporting affidavits;

(4) The exceptions were overruled.

INDICTMENT, found and returned on February 11, 1927, charging the defendant with robbery.

In the Superior Court, the indictment was tried before *Dubuque*, J., in February, 1927, and the defendant was convicted, sentenced and committed to the State prison. Within one year thereafter, he filed a motion for a new trial. Proceedings with respect to that motion are described in the opinion. The motion was denied. The defendant alleged exceptions.

*J. H. Duffy*, for the defendant.

*F. E. Smith*, Assistant District Attorney, for the Commonwealth.

RUGG, C.J. These exceptions relate to a motion for a new trial on the ground of newly discovered evidence. The defendant in February, 1927, after a trial by jury, was convicted upon an indictment charging him with robbery, sentenced and committed to the State prison in execution of the sentence. Within one year thereafter, in February, 1928, he filed a motion for a new trial based on newly discovered evidence. Supporting affidavits were annexed. The motion came on for hearing before the judge who presided at the trial. Thereupon, it is recited in the exceptions, "At the opening of the hearing, before any argument, and without reading or examining the affidavits, the defendant's counsel having informed the court as to this motion and contents," the judge "ruled by authority of *Commonwealth* v. *Weymouth*, 2 Allen, 144, and cases following and confirming the same that he had

no jurisdiction as a matter of law to entertain the motion and that in any event he would not entertain the motion without corroborative evidence because two of the affidavits were executed by inmates of the Massachusetts State prison. Attorney for the defendant said he was prepared to go ahead with corroborative evidence and to argue the motion." The judge thereupon again replied that the court "had no legal authority to entertain the motion and would not entertain it. Counsel for the defendant then asked" that the ruling be reduced to such form as would save the defendant's legal rights. The judge filed "a memorandum reading as follows: '. . . 1. After hearing the defendant and Assistant District Attorney Smith for the Commonwealth the motion for new trial is overruled, if considered on the value or merits of the affidavits. 2. After sentence has been executed and the mittimus served and the defendant confined to State prison this court is without jurisdiction to entertain a motion for a new trial on any grounds. 3. The order will be that defendant's motion for new trial is denied. . . . The defendant excepts to above rulings and decision. . . . ' The defendant duly excepted to the court's ruling that it had no jurisdiction to entertain the said motion."

Possibly the first part of the recital above quoted, standing alone, might be thought to be equivocal on the point whether the judge heard argument from the counsel for the defendant on the merits of the motion. But in the decision and ruling (incorrectly termed "memorandum," *Commonwealth* v. *O'Neil,* 233 Mass. 535, 543; *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 495; *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 135,) signed and filed by the judge, is the assertion that his determination was made "after hearing the defendant." That assertion by the judge is embodied in the defendant's bill of exceptions. It binds him. If the defendant contested the truth of that assertion, he should have set forth in his exceptions his contentions in that particular with relevant facts. Hence it must be assumed that arguments were heard, that the principle of *Parker* v. *Lewis J. Bird Co.* 221 Mass. 422, was not violated and that the defendant has no ground for complaint on this point.

That recital is also susceptible of the inference that the judge declined to receive "corroborative evidence" in support of affidavits annexed to the motion. No offer of proof was made and no further affidavits were proffered. See Common Law Rule 23 of Superior Court (1923). No exception was saved on this point. Therefore it is not open and the defendant rightly has not argued it. .

It is manifest that the only action of the judge to which exception was saved was the ruling of law that he had no legal authority to entertain the motion. That ruling was erroneous. It is provided, so far as here material, by St. 1922, c. 508, amending G. L. c. 278, § 29, that "The Superior Court may, at the sitting at which an indictment is tried, or within one year thereafter . . . upon motion in writing of the defendant, grant a new trial for any cause for which by . law a new trial may be granted or if it appears to the court that justice has not been done . . . ." That statute in substance has been in existence in some form since St. 1830, c. 113. Its words are plain. It confers power upon the court in the designated cases to consider a motion for a new trial within the year, although sentence has been imposed and the prisoner committed in execution thereof. *Commonwealth* v. *McElhaney,* 111 Mass. 439, 441, 442. *Commonwealth* v. *Rollins,* 242 Mass. 427, 432, 433. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 20. These decisions arose in capital cases, but they are equally pertinent on the point here in issue. The decision in *Commonwealth* v. *Weymouth,* 2 Allen, 144, relied upon by the judge, did not involve a motion for a new trial but related solely to a revision of sentence and had no bearing on motions for new trial or the statute governing that subject. See *Commonwealth* v. *Soderquest,* 183 Mass. 199; *Commonwealth* v. *Peck,* 1 Met. 428, 435.

This erroneous ruling of law did not taint the action of the judge in overruling the motion for a new trial on consideration of its merits and the value of its supporting affidavits. The ruling of law and the denial of the motion stood on independent grounds. One was not in any respect affected by the other. The disposition of that motion in this aspect of the case rested in the sound judicial discretion of the trial

magistrate.  *Commonwealth* v. *Borasky*, 214 Mass. 313, 322.
*Commonwealth* v. *Dascalakis*, 246 Mass. 12, 25.  *Commonwealth* v. *Devereaux*, 257 Mass. 391, 394, 395.  There is
nothing to indicate abuse of that discretion.  *Commonwealth*
v. *Sacco*, 259 Mass. 128, 140, 141.

Although seemingly there is want of logic in considering on
its merits a case of which a court has no jurisdiction, there is
nothing to criticise in the conduct of a trial judge in making
alternative findings or rulings to the end that a case may be
presented to an appellate tribunal in such posture as to be
capable of final disposition without further delay.  Every
consideration of practical justice favors this method.  The
record is bare of any ground for fair inference that the defendant suffered injury by the course pursued in the case at
bar.

*Exceptions overruled.*