HERMAN SNYDER, petitioner.

Suffolk.    October 3, 25, 1933. — November 7, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Practice, Criminal,* New trial, Exceptions, Revocation of sentence.
*Homicide. Mandamus.*

Over a year after a verdict of guilty was returned upon an indictment for
murder in the first degree and over a month after the imposition of a
sentence of death, following the ordering, by a rescript from this court,
of judgment on the verdict of guilty, the defendant offered for filing
a motion for a new trial and a motion for revocation of the sentence,
both motions being based chiefly on alleged newly discovered evi-
dence. The judge of the Superior Court refused to accept either
motion or to order the clerk to file it. The defendant thereupon filed
a petition for a writ of mandamus directing the Superior Court to
accept the motions and the clerk to file them. The petition was
heard "upon the sole question of directing orders of notice to issue
to the defendants or any of them on said petition," and the issuance
of orders of notice was refused. The petitioner alleged an exception
and filed a bill which was disallowed, the single justice certifying that
the allegations therein were true but that he was "of the opinion that
the allowance thereof will result in prosecution of exceptions which
ought not to prevail." Upon a petition to establish the exceptions, it
was *held*, that

(1) The motion for revocation of sentence was misnamed, being
in the circumstances like, and governed by the same principles of law
as, a motion for a new trial;

(2) The year after a sitting of the Superior Court at which an in-
dictment is tried, during which or at any time before sentence, under
G. L. (Ter. Ed.) c. 278, § 29, a new trial of an indictment in a capital
case may be granted, is to be computed from the end of the trial and
not from the end of the sitting during which the trial takes place;

(3) It was proper to refuse to issue an order of notice on the peti-
tion for a writ of mandamus, since the motions for new trial and for
revocation of sentence, having been filed after the sentence was im-
posed and more than a year after the verdict, were offered for filing
in the Superior Court too late under the governing statute and that
court had no power to consider them on the merits, much less to grant
them.

No question of law not already settled by authoritative decisions being
shown on the petition for establishment of exceptions above described,
it was dismissed by the full court on motion.

PETITION, filed in the Supreme Judicial Court for the Commonwealth on September 9, 1933, for the establishment of exceptions, described in the opinion.

*L. J. Halloran,* for the petitioner.

*F. G. Volpe,* Assistant District Attorney, for the respondents.

RUGG, C.J. This is a petition to establish exceptions taken at a hearing on a petition for a writ of mandamus. The facts are not in dispute. They are set forth in the petition except certain dates shown by the court record. The petitioner was convicted of murder in the first degree by verdict of a jury rendered in the Superior Court on May 24, 1932. The case came before this court on appeal on assignment of errors (282 Mass. 401) and, no error being found, it was ordered that there be judgment on the verdict. Thereafter the petitioner was sentenced to death on April 18, 1933, and the sitting of the Superior Court at which that sentence was imposed came to an end on May 1, 1933. On June 9, 1933, the petitioner offered for filing in the Superior Court a motion for a new trial. On the same day it was presented to the trial judge, who refused to receive or consider it and declined to direct the clerk of the court (he having refused to file it) to receive it for filing, and ruled that the motion was not properly before him. The trial judge refused to allow an exception to or an appeal from that ruling. The grounds alleged in that motion related chiefly to newly discovered evidence touching the insanity of the petitioner, a defence discussed when the case was here on appeal. On the same day the petitioner also presented to the trial judge a motion for revocation of the sentence on substantially the same grounds as those set forth in his motion for a new trial. On this motion the trial judge made a notation that if properly before him it was denied. The petitioner having claimed an exception and an appeal, the trial judge made a further ruling that he would not accept the motion, or order the clerk of the court to accept it for filing (he having refused to file it), and ruled that the motion was not properly before him for consideration. Thereupon, the petitioner filed a petition for a writ of man-

damus setting out in substance the facts which have been narrated and praying that the trial judge or one of his associates be ordered to direct reception of the motions for filing by the clerk of the court and to hear and pass upon them when so filed. The petition for the writ of mandamus was heard, as alleged in the present petition to establish exceptions, "upon the sole question of directing orders of notice to issue to the defendants or any of them on said petition." The single justice refused to direct the issuance of orders of notice and the petitioner excepted. The petitioner thereupon filed a bill of exceptions. The single justice disallowed the bill of exceptions, indorsing thereon "I Hereby certify that the allegations of the bill of exceptions are true, but as I am of the opinion that the allowance thereof will result in prosecution of exceptions which ought not to prevail, I disallow the bill."

The present petition to establish those exceptions was thereupon brought. The Commonwealth filed a motion to dismiss the petition on several grounds.

The motion for revocation of sentence in the circumstances here disclosed is like a motion for new trial. It is a misnomer as applied to the grounds alleged. If filed at the same sitting when sentence was imposed, or before final judgment after rescript, and directed to error of fact or law, it may have pertinency. But it is not relevant to the facts here disclosed. It is governed by the same principles as is the motion for a new trial and need not be separately considered. *Commonwealth* v. *Lobel*, 187 Mass. 288. *Commonwealth* v. *Sacco*, 261 Mass. 12, 15. *Commonwealth* v. *Phelan*, 271 Mass. 21. See *Commonwealth* v. *Marrelli*, 266 Mass. 113, 116.

Mandamus is not a writ of right but is awarded in the exercise of sound judicial discretion. It is an extraordinary remedy. It may be invoked to redress wrong when no other relief is open. No notice ought to issue when it appears that justice does not demand resort to it. *Crocker* v. *Justices of the Superior Court*, 208 Mass. 162, 164–165. *Ex parte Skinner & Eddy Corp.* 265 U. S. 86, 96.

It is provided by G. L. (Ter. Ed.) c. 278, § 29, that the

"superior court may, at the sitting in which an indictment is tried, or within one year thereafter, or, in capital cases, within said year or at any time before sentence, upon motion in writing of the defendant, grant a new trial for any cause for which by law a new trial may be granted or if it appears to the court that justice has not been done . . . ." Of that statutory provision it was said in *Commonwealth* v. *Sacco*, 261 Mass. 12, at page 15, "a motion for a new trial in capital cases comes too late if made after sentence has been pronounced and more than a year after verdict. It is within the limitation expressed in the statute. *Commonwealth* v. *Rollins*, 242 Mass. 427, 430. *Dascalakis* v. *Commonwealth*, 244 Mass. 568, 569." This decision governs precisely the case at bar. The history of the earlier forms of the preceding statutes now embodied in G. L. (Ter. Ed.) c. 278, § 29, shows that the year is to be computed from the end of the trial and not from the end of the sitting during which the trial takes place. *Commonwealth* v. *McElhaney*, 111 Mass. 439, 441, 442. *Commonwealth* v. *Soderquest*, 183 Mass. 199, 201. *Commonwealth* v. *Marrelli*, 266 Mass. 113. Here the motions were filed more than a year after the verdict and after the sentence which was the final judgment. The single justice rightly refused to issue notice on the petition for a writ of mandamus because on the face of the facts it appears that the motions were offered for filing in the Superior Court too late under the governing statute and that that court had no power to consider them on the merits, much less to grant them. The trial judge acted correctly with reference to the motions.

Thus it appears that no question of law not already settled by authoritative decisions is shown on this petition. It is a petition to be dismissed on motion. *Commonwealth* v. *Vallarelli*, 273 Mass. 240, 247, and cases collected.

*Petition dismissed.*