JACOB FINE *vs.* COMMONWEALTH
(and three related cases[1]).

Suffolk.      October 5, 1942. — October 27, 1942.

Present: FIELD, C.J., QUA, DOLAN, & COX, JJ.

*Practice, Criminal*, New trial, Execution of sentence, Double jeopardy. *Superior Court*, Jurisdiction. *Constitutional Law*, Double jeopardy.

The staying under G. L. (Ter. Ed.) c. 279, § 4, as appearing in St. 1935, c. 50, § 3, of execution of sentence for a crime not punishable by death is discretionary.

It was within the power of a judge of the Superior Court, after allowing a motion for a new trial of a criminal case, to reconsider the motion, vacate the allowance and deny the motion, and thereupon to revoke a previous stay of execution of sentence; and such action did not put the defendant in double jeopardy.

FOUR PETITIONS, filed in the Supreme Judicial Court for the county of Suffolk on May 5, May 5, May 6, and May 13, 1942, respectively.

---

[1] The titles of the three related cases are Fine *v.* Commonwealth; Fine *v.* Superior Court; Fine, petitioner.

The cases were heard by *Lummus*, J.

*E. M. Dangel*, (*L. E. Sherry & S. Marshall* with him,) for Fine.

*F. J. Hickey*, Assistant District Attorney, for the Commonwealth.

Cox, J. These are four petitions, the allegations of which, according to the consolidated bill of exceptions, are substantially the same, praying for stay of execution of sentence and for the issuance of writs of error, certiorari and habeas corpus, wherein the petitioner seeks to be admitted to bail and to have certain orders and the imposition of sentence declared erroneous.

On May 23, 1941, the petitioner was found guilty by a jury under an indictment charging him with being an accessory before the fact to the crime of burning a dwelling house with the intent to defraud certain insurance companies, and was sentenced to two years in the house of correction. At the same time execution of the sentence was stayed in accordance with G. L. (Ter. Ed.) c. 279, § 4, inserted by St. 1935, c. 50, § 3. On July 14, 1941, the petitioner filed a motion for a new trial, and a bill of exceptions that is still pending and awaiting allowance. On September 9, 1941, the motion for new trial was allowed. On September 12, 1941, the Commonwealth filed a motion to disallow and vacate the allowance of the motion for new trial. On September 18, 1941, the chief justice of the Superior Court, who had imposed sentence, "allowed the Commonwealth's motion for a re-hearing on the motion for new trial, allowed the Commonwealth's motion to disallow and vacate the allowance of a motion for a new trial, and denied the motion for a new trial." On May 4, 1942, the chief justice revoked the stay and "caused the said sentence to be re-imposed, a mittimus to issue, and the petitioner is now confined . . . under the said sentence." Each petition was dismissed by a single justice of this court, subject to an exception in each case.

The petitioner contends that the trial judge was without authority to vacate his order granting a new trial, or, if this is not so, that this court ought to stay execution of

sentence and admit him to bail until final disposition of his bill of exceptions.

General Laws (Ter. Ed.) c. 279, § 4, inserted by St. 1935, c. 50, § 3, empowers a justice of this court, as well as the judge imposing sentence, to stay execution of sentence, and at the same time make an order relative to the custody of the prisoner or for admitting him to bail. The application to a justice of this court for stay of execution, the subject matter of one of the petitions, had been passed upon adversely. If this were the only question before this court, the determination of it by the single justice being a matter of discretion, it could not be said that there was any error. *Commonwealth* v. *Drohan*, 210 Mass. 445, 448.

The answer to the vital question depends upon the authority of the trial judge to deal with a motion for new trial after he has allowed it. General Laws (Ter. Ed.) c. 278, § 29, inserted by St. 1939, c. 271, so far as material, provides that the Superior Court may, at the sitting in which a complaint or indictment is tried, or within one year thereafter, upon motion in writing of the defendant, grant a new trial for any cause for which by law a new trial may be granted, or if it appears to the court that justice has not been or cannot be done, and upon such terms or conditions as the court shall order. Before there was any statute relating to the matter, it was decided in *Commonwealth* v. *Green*, 17 Mass. 515, 535, that this court had power to grant a new trial on the motion of one convicted of capital offence, sufficient cause being shown therefor. In *Commonwealth* v. *McElhaney*, 111 Mass. 439, 441, decided in 1873, it was said that this court, by virtue of its general jurisdiction and independently of any special authority conferred upon it by statute, had the power to grant new trials, even in capital cases, but that it was at least doubtful whether an inferior court was authorized to grant a new trial on the merits of any case, civil or criminal. It is unnecessary to go into the inherent power of the Superior Court relative to the granting of new trials, having in mind that that court now has original jurisdiction of all crimes and appellate jurisdiction of crimes tried before a District Court or a

trial justice (G. L. [Ter. Ed.] c. 212, § 6), and also that it is a court of original and general jurisdiction possessing the inherent powers of such a court under the common law, unless expressly limited, as well as those conferred by statute. *Commonwealth* v. *Kemp*, 254 Mass. 190, 192. The first statutory enactment relating to new trials in criminal cases is St. 1830, c. 113, § 3, and the history of subsequent statutes may be found in *Commonwealth* v. *McElhaney*, 111 Mass. 439, 441–442, and *Commonwealth* v. *Rollins*, 242 Mass. 427, 432–434. In *Commonwealth* v. *Marrelli*, 266 Mass. 113, 116, it was said of the statute relative to new trials then in force that contained provisions, in so far as material, similar to those contained in the present statute, that its words were plain and that it conferred power upon the court in the designated cases to consider a motion for a new trial within the year, although sentence had been imposed and the prisoner committed in execution thereof.

It was one of the earliest doctrines of the common law that the record of a court might be changed or amended at any time during the same term of the court in which a judgment was rendered. This, however, was not the extent of the power of the court over its records, for upon due proof that some error had been made in drawing up the record, amendments were allowed after the final entry of judgment and the adjournment of the court for the term. *Commonwealth* v. *Weymouth*, 2 Allen, 144, 145, 146. *Karrick* v. *Wetmore*, 210 Mass. 578, 579. *Prenguber* v. *Agostini*, 289 Mass. 222, 223. Sentences could be revised during the term at which they were imposed, if the sentence remained unexecuted, but not thereafter. *Commonwealth* v. *O'Brien*, 175 Mass. 37, 38–39.

Criminal terms were abolished by St. 1897, c. 490, § 1. Section 2 of said chapter provided that the word "term," when used in statutes relating to criminal business of the Superior Court, shall be construed to mean "sitting." (See G. L. [Ter. Ed.] c. 213, § 4.) As the law now stands, by analogy, an unexecuted sentence may be revised before the end of the sitting, *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 20, and, where execution of sentence is stayed,

jurisdiction of the case is continued in the Superior Court for some purposes after the imposition of sentence and after the expiration of the sitting in which the sentence is imposed, it now being mandatory to impose sentence notwithstanding exceptions or appeal. G. L. (Ter. Ed.) c. 279, § 4, inserted by St. 1935, c. 50, § 3. After exceptions are overruled, the court has power to vacate the order staying the sentence and to direct the execution of it, and this impliedly includes the power to correct any illegality or error in a sentence and to prevent injustice, provided it then remains wholly unexecuted. *Commonwealth* v. *O'Brien,* 175 Mass. 37, 39, 40. *Commonwealth* v. *Lobel,* 187 Mass. 288. Reference to cases involving the power of the Superior Court to act after a stay of execution of sentence may not be important in the case at bar except in so far as they point out that the jurisdiction of the court is continued for certain purposes despite the fact that sentence has been imposed, and that from early times the importance of the fact that a sentence has not been executed in whole or in part has been recognized in cases where the power of the court to amend or set aside and impose a new sentence has been involved. See *Commonwealth* v. *Foster,* 122 Mass. 317, 323; *Commonwealth* v. *O'Brien,* 175 Mass. 37, 39; *Commonwealth* v. *Soderquest,* 183 Mass. 199, 200. We are not called upon to determine what the result would be if execution of the petitioner's sentence had not been stayed.

Sentence is final judgment in a criminal case, and that is the end of the case, apart from statutory provisions, so far as concerns the usual and ordinary control of the court. This, in substance, is the same rule as that applicable to judgments in actions at law and to final decrees in suits in equity. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 19. It is to be borne in mind, however, that a new trial may be granted and an unexecuted sentence may be revised before the end of the sitting, *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 20; that upon vacation of the order staying sentence, the court may revise its own order as to sentence, to correct a manifest error and to prevent injustice, *Commonwealth* v. *O'Brien,* 175 Mass. 37, 39–40; *Commonwealth* v.

*Lobel,* 187 Mass. 288, and that a motion for new trial may be granted within one year from the end of the trial, although sentence has been imposed and the prisoner committed in execution thereof. *Commonwealth* v. *Marrelli,* 266 Mass. 113, 116. *Snyder, petitioner,* 284 Mass. 367, 370. It is pointed out in the *Marrelli* case, at page 116, that the decision in *Commonwealth* v. *Weymouth,* 2 Allen, 144, did not involve a motion for a new trial, but related solely to a revision of sentence and had no bearing on motions for a new trial or the statute governing that subject.

The statutory provision for a new trial in civil cases is to the effect that one may be ordered "at any time before judgment." G. L. (Ter. Ed.) c. 231, § 127. In the case of *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31, a motion for new trial, seasonably filed after verdict, was overruled. Within two weeks thereafter the plaintiff moved in writing for a rehearing of the motion. The rehearing was had, the motion then was allowed and a new trial granted. It was held that no excess of jurisdiction appeared and that the action of the judge was within his power. It was pointed out that a motion for the rehearing of a motion for new trial has no standing as a matter of right, citing *Commonwealth* v. *Ruisseau,* 140 Mass. 363, a case that arose before the enactment of St. 1895, c. 469, § 1, which required imposition of sentence notwithstanding exceptions or appeal. (G. L. [Ter. Ed.] c. 279, § 4, inserted by St. 1935, c. 50, § 3.) It was also said that there was no objection in law to the consideration of the motion if the case had not gone to judgment; that it might call to the judge's attention some decisive fact absent from his mind at the moment of making the original entry and might effect the correction of a mistake or the avoidance of an inadvertence; but that, even if there was no mistake and the final conclusion of the judge was reached simply through more mature reflection and more careful consideration, there was no error in law. "The court has power to reconsider its decision on the same facts, although this is a power rarely exercised." (Page 33.) See *Commonwealth* v. *Rice,* 216 Mass. 480. "The governing rules of law as to motions for

a new trial in capital cases are the same as in civil and in other criminal cases." *Commonwealth* v. *Devereaux,* 257 Mass. 391, 395. *Commonwealth* v. *Gedzium,* 261 Mass. 299, 301. See *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 25. Inasmuch as the power of the court in civil cases may be exercised at any time before judgment, it may seem that the situation in criminal cases is materially different in view of the fact that, upon conviction, sentence must be imposed. But it is to be borne in mind that a motion for new trial may be filed within one year from the end of the trial, and that during that year the Superior Court has jurisdiction of motions for new trials.

The granting of a motion for new trial is a matter of sound judicial discretion. But there seems to be no good reason for holding that the power of a judge of the Superior Court with respect to a motion for new trial in a criminal case is ended when he grants or denies it. If it should be said that once having denied the motion, he could not vacate his order and grant the motion for sufficient cause, it seems apparent that the administration of justice might be impeded, if it did not, in truth, fail. The cogent reasons expressed by Chief Justice Parker in *Commonwealth* v. *Green,* 17 Mass. 515, 534–536, are against the denial of this power. If a judge of the Superior Court has no power to vacate his order granting a motion for new trial and to deny the motion for sufficient cause, it would also seem that justice might not prevail. We do not have before us the grounds for the action of the trial judge in vacating his order and denying the motion. In *Commonwealth* v. *Weymouth,* 2 Allen, 144, where it was held that a judge of the Superior Court had power to revise and increase a sentence imposed upon a convict during the same term of court and before the original sentence had gone into operation or any action had been had upon it, it was said: "The presumption is that there were sufficient reasons, addressing themselves to the sound judicial discretion of the court, for such action, and that it was deemed to be necessary in furtherance of justice and the due administration of the law." It was said, in effect, in *Spiegel* v. *Beacon Partici-*

*pations, Inc.* 297 Mass. 398, 409–410, that the trial judge has power to alter or amend his decision at any time during the pendency of the proceedings before him, and that the final finding must be accepted as his ultimate conclusion. See *Commonwealth* v. *Rice,* 216 Mass. 480; *Peterson* v. *Hopson,* 306 Mass. 597, 601–602.

There does not appear to be much authority on this question. Our attention has been directed to decisions in civil cases in other jurisdictions. They are not all one way, and, in many instances, depend upon statutes. In *State* v. *Lubosky,* 59 R. I. 493, where it was held that, in the absence of statutory authority, a trial judge has no jurisdiction to vacate a decision on a motion for new trial after trial by jury and to set the case down again for hearing on the motion, it was said that the rule is not accepted or followed in that State that a court of record, such as the Superior Court, has general control over its judgments, orders and decrees so as to amend and change them at any time during the same term of court in which they were rendered or made. Reference was there made to a Rhode Island statute relative to judgment and decrees in equity (page 494), which was held to be inapplicable. If, however, the decision in this case is contrary to ours in the case at bar, we are not disposed to follow it. In *People* v. *Cimino,* 163 App. Div. (N. Y.) 217, it was held that a county court has power in criminal, as well as in civil, actions to grant a motion for new trial, and, having done so, may allow a reargument of the motion and modify its original order. In that case, a motion for new trial had been granted, and an order entered therefor, but, upon a reargument, so much of the motion as related to the conviction on two of the three counts in the indictment was denied and an order was entered accordingly. It is true that judgment was not entered until after this had been done. It was said, as to civil cases, that whatever can be done upon motion to the court, may by the court, upon further motion, be altered, modified or wholly undone, and that the reason of the principle obtains in a criminal case. It was also said that there was neither a judgment nor the elements of a judgment in the decision as first

announced and as first formally stated, for it dealt with a motion only, and, therefore, the principle of res adjudicata could not have been invoked. There is nothing in our statute relative to the granting of a new trial that either expressly or by implication denies the Superior Court the power to rehear and redecide a motion for new trial that has been either denied or granted.

To hold as we do, it is unnecessary to read anything into the statute. No attempt is made to supply an omission. We are dealing with the power of a court that has general jurisdiction. It ought to be free to exercise that jurisdiction to the end that justice may be served. The granting of a motion for new trial is no infringement upon the right to a trial by jury. It is true that when a new trial is granted, the verdict of the jury is set aside and the case stands as if there had been no trial, but if, upon proper reconsideration, the order granting the motion is vacated and a new trial is denied, the case stands, in so far as the trial is concerned, where it was left by the verdict of the jury.

The petitioner contends that the result of the action by the trial judge is to place him in double jeopardy. We think that this is not so. If the verdict was a true one, and the trial judge, by his final action, has said that it was, the petitioner has not been harmed. If there was any error at the trial, it is to be assumed that his bill of exceptions protects him. It would seem a little strange, if it should appear that a motion for new trial had been granted upon perjured testimony or because some gross fraud had been perpetrated upon the court, that the court would be powerless to reconsider its decision. As we have already said, we must assume that the trial judge acted upon sufficient reasons, and that what he did was deemed to be necessary in the furtherance of justice and the due administration of law.

The petitioner contends that the Commonwealth had no right to move for a rehearing. It is unnecessary to consider the propriety of the Commonwealth in calling the matter to the attention of the trial judge. We do not intimate that there was any impropriety. The fact of the matter is that although the trial judge allowed the Commonwealth's

motion to vacate the allowance of a motion for new trial, he ultimately denied the motion for a new trial. In other words, he vacated his former action, and then acted again upon the motion for new trial.

The petitioner also contends that the trial judge had no right to revoke the stay of execution of the sentence. As already appears, it is a matter of discretion whether sentence imposed upon conviction of a crime not punishable by death shall be stayed. There is nothing in the provisions of c. 279, § 4, that prevents the revocation of the stay of sentence in the case at bar. Again we must assume that the trial judge acted upon sufficient grounds. It appears that the bill of exceptions was filed on July 14, 1941, and that it is still pending and awaiting allowance.

The petitioner has not argued his application for a writ of certiorari. Since, in view of what has been said, the result to the petitioner upon his petition for stay of execution of sentence and upon his petition for writ of habeas corpus must be the same in any event, we deal with the exceptions relating to these petitions without considering whether these exceptions are rightly before us. See *Harris, petitioner*, 309 Mass. 180, 184, and cases cited. We have considered all questions presented by the bill of exceptions before us and are of opinion that there is no error.

In each case the exceptions are overruled.

*So ordered.*