DONALD H. CAMPBELL *vs.* COMMONWEALTH.

Suffolk.   October 7, 1959. — November 5, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, &
WHITTEMORE, JJ.

*Practice, Criminal,* Sentence.

Upon withdrawal of an appeal to the Superior Court in a criminal case
following a sentence of eighteen months in the house of correction
imposed in a District Court, a revocation of such sentence and im-
position of a sentence to the Massachusetts reformatory for an in-
definite term under G. L. c. 279, §§ 31, 32, 33, was erroneous as in
violation of the provision of c. 278, § 25, prohibiting, upon withdrawal
of an appeal, an "increase [in] the sentence as first imposed": for the
purposes of § 25, the indeterminate sentence must be taken to be a
sentence of five years. [696–697]

Upon reversing on writ of error action of a District Court, taken on with-
drawal of an appeal to the Superior Court in a criminal case, revoking
the sentence originally imposed and imposing a greater sentence in
violation of G. L. c. 278, § 25, the case was remanded by this court
to the District Court under c. 250, § 12, for discharge of the defendant
if it appeared that he had already served under the invalid sentence a
period longer than the original sentence; otherwise for action as upon
his withdrawal of appeal, crediting time already served under the
invalid sentence against the original or other proper sentence. [698]

PETITION for a writ of error, filed in the Supreme Judicial
Court for the county of Suffolk on October 7, 1958.

The case was reserved and reported by *Whittemore,* J.

*William F. Donnelly,* for the petitioner.

*John Warren McGarry,* Assistant Attorney General, for
the Commonwealth.

WHITTEMORE, J.   This petition for a writ of error was
reserved and reported by the single justice, without deci-
sion, upon the petition, answer, and return.   The return
shows as follows:   The petitioner, Campbell, on June 9,
1956, in the District Court of Springfield, pleaded guilty
to larceny from the person and was sentenced to imprison-
ment in the house of correction in Springfield for the term

of eighteen months. He did not then appeal and, under
G. L. c. 218, § 31, he was ordered committed to the jail,[1] to
await commitment upon the sentence, until June 11. On
that day Campbell appealed to the Superior Court, bail was
fixed, and in default of bail he was committed to the Spring-
field jail. G. L. c. 278, § 18 ("committed to abide the sen-
tence of . . . [the superior] court"). On June 18 Campbell
withdrew his appeal, and the judge then sitting revoked the
sentence of June 9 and imposed an indeterminate sentence
to Massachusetts correctional institution at Concord, that
is, the Massachusetts reformatory. See G. L. c. 125, § 1,
as amended through St. 1955, c. 770, § 11.

1. We rule that the sentence of June 18 meant an "in-
crease [in] the sentence as first imposed" in violation of
G. L. c. 278, § 25, which provides that if, in accordance
therewith, an appeal to the Superior Court is withdrawn,
"the court may order the appellant to comply with the sen-
tence appealed from, in the same manner as if it were then
first imposed, or may revise or revoke the same if satisfied
that cause for such revision or revocation exists; provided,
that the court shall not increase the sentence as first im-
posed . . . ."[2]

The maximum length of Campbell's confinement under
the sentence for an "indefinite term" (G. L. c. 279, § 31)
was five years. This is determined by § 32 ("The court
imposing a sentence of commitment for an indefinite term
shall not fix the maximum term unless it exceeds five years,
but shall merely impose an indefinite sentence or commit-
ment") and § 33 ("Whoever is sentenced to the Massachu-
setts reformatory . . . for any felony may be held therein
for not more than five years unless sentenced for a longer
term, in which case he may be held therein for such longer
term . . ."). A reference to § 33 was necessarily implicit
in the indefinite sentence imposed on June 18. *Sheehan,*

---

[1] The officer's return on the mittimus of June 9 certifies on that date to
conveying the defendant to the house of correction in Springfield.

[2] As to original sentence, see G. L. c. 266, § 25; c. 279, § 6; c. 126, § 8;
and c. 218, §§ 26, 27. As to the sentence of June 18, see G. L. c. 279, § 31,
and c. 125, § 1, as amended through St. 1955, c. 770, § 11.

*petitioner,* 254 Mass. 342, 346. See *Whitney* v. *Commonwealth,* 337 Mass. 722, 724–725.

The minimum length of Campbell's confinement (see G. L. c. 127, §§ 128, 130, 130A, 133, 134, 135, 136) was insignificant inasmuch as the sentence, for present purposes, is to be taken as a sentence for five years subject to mitigation in its effect, or termination, by the operation of subsequent events. This principle is well established as to sentences under G. L. c. 279, § 24, in which the maximum and minimum terms are expressly stated. *Commonwealth* v. *Brown,* 167 Mass. 144, 146. *Oliver* v. *Oliver,* 169 Mass. 592, 594. *Murphy* v. *Commonwealth,* 172 Mass. 264, 275, and cases cited. We think there is no valid distinction in this respect between the two kinds of indeterminate sentence. No distinction results from the possibility of termination of the sentence under G. L. c. 127, § 130A, inserted by St. 1955, c. 770, § 68. *Murphy* v. *Commonwealth, supra. In re Jordan,* 190 Cal. 416 (Cal. Penal Code § 3020, ". . . the board may determine and redetermine, after the expiration of six months . . . what length of time, if any, such person shall be imprisoned . . ."). See *Woods* v. *State,* 130 Tenn. 100, 114–116. In the *Murphy* opinion, at p. 275, the court said, "It is as correct . . . to say that in case of a pardon the Governor fixes the term of imprisonment, as to say that in case of release upon a permit the commissioners fix it. . . . In no just sense can it be said, we think, that the duration of his sentence is uncertain . . . ." Admittedly, as the Commonwealth contends, it cannot be known in advance how long a time may be necessary to accomplish the underlying purpose of the indeterminate sentence, that is, the reformation and rehabilitation of the prisoner. *Platt* v. *Commonwealth,* 256 Mass. 539, 543. But the statute puts a limit to the time during which the effort may be made, and for purposes of G. L. c. 278, § 25, that limit is the length of the sentence.

2. In view of the statutory prohibition of increase of sentence on withdrawal of appeal, we do not reach the question of the right of the court to change the sentence apart from

statute. See *Commonwealth* v. *Weymouth*, 2 Allen, 144; *Commonwealth* v. *O'Brien*, 175 Mass. 37; *Commonwealth* v. *Lobel*, 187 Mass. 288; *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 20; *Fine* v. *Commonwealth*, 312 Mass. 252, 255; *Bozza* v. *United States*, 330 U. S. 160, 165–167, and cases cited; *Brown* v. *Rice*, 57 Maine, 55; *People* v. *Thompson*, 251 N. Y. 428, 431; *Manda* v. *State*, 28 N. J. Super. 259. For the power to resentence after void or voidable sentence and to retry after reversal of judgment for other error, see G. L. c. 250, § 12; *Commonwealth* v. *Murphy*, 174 Mass. 369; *Murphy* v. *Massachusetts*, 177 U. S. 155; *Lewis* v. *Commonwealth*, 329 Mass. 445; *Giles* v. *Commonwealth, ante,* 410.

3. In the circumstances, the revocation of the earlier sentence is to be construed as conditional upon the imposition of a valid superseding sentence. The action of revocation and the imposition of the indefinite sentence are reversed (*Whitney* v. *Commonwealth*, 337 Mass. 722, 723) and the case is remanded under G. L. c. 250, § 12.[1] If it shall be shown to the judge in the District Court that, as the petitioner's counsel stated at the argument,[2] the petitioner has already served two years of the indefinite sentence, the prisoner shall be forthwith discharged. Otherwise the case shall stand for action upon the petitioner's withdrawal of appeal; no sentence for a term longer than eighteen months may be imposed if the sentence of June 9, 1956, is revoked; and the time already served under the indefinite sentence shall be credited against the June 9, 1956, sentence or any shorter sentence imposed in lieu thereof under the statute. See *Lewis* v. *Commonwealth*, 329 Mass. 445, 448; *Brown* v. *Commr. of Correction*, 336 Mass. 718.

*So ordered.*

---

[1] "If a final judgment is reversed by reason of error in the sentence, such judgment shall be rendered in the case as the court below should have rendered, or it may be remanded for that purpose to said court. . . ."

[2] It was stated that the petitioner had been released on parole after serving two years of the indeterminate sentence, that he is now serving a sentence for another crime, with the prospect upon completion of that sentence of being held again under the indefinite sentence because of violation of parole.