UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

No. 92-2169
No. 93-1294

RUI FERNANDO DA CONCEICAO RODRIGUES,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

ON PETITIONS FOR REVIEW OF ORDERS OF
THE BOARD OF IMMIGRATION APPEALS

Before

Breyer, Chief Judge,

Friedman,* Senior Circuit Judge,

and Stahl, Circuit Judge.

Lenore Glaser for petitioner.

Donald E. Keener, Attorney, Office of Immigration Litigation,

Civil Division, Department of Justice, with whom Stuart M. Gerson,

Assistant Attorney General, and Robert Kendall, Jr., Assistant

Director, Office of Immigration Litigation, Civil Division, U.S.
Department of Justice, were on brief for respondent.

May 24, 1993

*Of the Federal Circuit, sitting by designation.

BREYER, Chief Judge. Federal law classifies as

"deportable" an "alien . . . convicted" of unlawfully

"possessing . . . a firearm." Immigration and Nationality

Act of 1952, Pub. L. 82-414, 66 Stat. 163, as amended (INA),

241(a)(2)(C), 8 U.S.C. 1251(a)(2)(C). The law

nonetheless permits the Attorney General to "adjust[]" the

"status" of a "deportable" alien "to that of an alien

lawfully admitted for permanent residence," but only if,

among other things, the alien "is admissible to the United

States for permanent residence . . . ." INA 245(a)(2), 8

U.S.C. 1255(a)(2). And, an alien is not admissible (i.e.,

he is "excludable") if he has been "convicted of 2 or more

offenses . . . for which the aggregate sentences to

confinement actually imposed were 5 years or more . . . ."

INA 212(a)(2)(B), 8 U.S.C. 1182(a)(2)(B) (emphasis

added).

The petitioner, convicted of a firearms offense,

Mass. Gen. L. ch. 140, 129C, is deportable. INA

241(a)(2)(C), 8 U.S.C. 1251(a)(2)(C). He has applied for

a status adjustment. INA 245(a), 8 U.S.C. 1255(a).

But, the Attorney General has refused to consider his status

adjustment application because, in her view, he has two

convictions with "sentences to confinement actually imposed"

-2-
2

totalling more than "5 years." Hence, he is not

"admissible." See INA 212(a)(2)(B), 8 U.S.C.

1182(a)(2)(B). For this reason (and without deciding

whether petitioner might be excludable for some other

reason, see generally INA 212(a)(2), 8 U.S.C.

1182(a)(2)), the Board of Immigration Appeals denied the

petitioner's request to reopen his deportation proceedings.

Petitioner now asks us to review the Board's decision not to

reopen (embodied in two orders). See INS v. Doherty, 112 S.

Ct. 719, 724-25 (1992) (orders denying reopening are

reviewable); Thomas v. INS, 976 F.2d 786, 789 (1st Cir.

1992) (per curiam) (same). Having conducted that review, we

conclude that the rather special legal circumstances present

in this case do not permit the Board to find that the

sentences "actually imposed" on petitioner add up to five

years. Hence, petitioner's case falls outside the scope of

the "excludability" provision on which the Board relied, INA

212(a)(2)(B), 8 U.S.C. 1182(a)(2)(B). We therefore

vacate its decision.

The parties agree that the sentence "actually

imposed" for unlicensed possession of a firearm (the

conviction that made appellant "deportable") amounted to

thirty days. They disagree, however, about a different

-3-
3

sentence, imposed after a 1986 state court conviction for

assault with intent to rob, Mass. Gen. L. ch. 265, 20.

Originally (on June 12, 1986), the state court sentenced

petitioner "to Massachusetts Correctional Institution,

Concord for the term of ten (10) years." But, in July 1992,

the sentencing judge revoked his earlier Concord sentence

and entered an order resentencing petitioner, which order

was entered on the docket sheet as follows:

Sentence imposed on June 12, 1986 is
revoked; deft. sentenced to the
Massachusetts Correctional Institution,
Conco[r]d, for the term of ten (10)
years and deemed to have been served;
the court on imposing said sentence
ordered that the Deft. be deemed to have
served -1709-days of said sentence.

The parties agree that we are to treat this order as if it

were the original sentence. See Matter of J--, 6 I. & N.

Dec. 562, 565, 569 (BIA 1955). They also agree that the

petitioner was released from confinement at Concord after

1709 days. Finally, they agree that, if one reads the 1992

language as having "actually imposed" a "sentence[] to

confinement" of 1709 days, then petitioner's "aggregate

sentences to confinement actually imposed" amount to about

three months less than five years. (1709 days plus the 30

day firearm sentence amounts to 1739 days; five years

-4-
4

contain 1826 days). They disagree, however, about the

meaning of this 1992 sentencing order.

In the Government's view, the sentence "actually

imposed" (retroactively) in 1992 is a sentence to

confinement for "ten years," not 1709 days. The order

itself says that the petitioner is "sentenced to the

Massachusetts Correctional Institution, Conco[r]d, for the

term of ten (10) years." Moreover, courts and the Board of

Immigration Appeals have held that a "sentence[] to

confinement actually imposed" means the maximum sentence

that a court imposes, even though an offender might serve

less than this maximum sentence (because time earned for

good behavior, probation, or other forms of discretionary

relief might lead to his earlier release). See, e.g.,

Fonseca-Leite v. INS, 961 F.2d 60, 62 (5th Cir. 1992) (two

consecutive three year sentences amounted to six years,

regardless of the fact that only two years were actually

served); Matter of Castro, 19 I. & N. Dec. 692, 695 (BIA

1988) (similar); United States ex rel. Sirtie v.

Commissioner of Immig., 6 F.2d 233, 234 (E.D.N.Y. 1925) (a

reformatory sentence to a term which "shall not exceed . . .

three years" was a three year sentence for purposes of the

1917 Immigration Act, notwithstanding the power of the

-5-
5

parole board to discharge the prisoner at an early stage);

United States ex rel. Paladino v. Commissioner of Immig., 43

F.2d 821, 822 (2d Cir. 1930) (similar); Petsche v. Clingan,

273 F.2d 688, 691 (10th Cir. 1960) (similar, under the 1952

INA); United States ex rel. Dentico v. Esperdy, 280 F.2d 71,

72 n.1 (2d Cir. 1960) (similar); see also Campbell v.

Commonwealth, 339 Mass. 695, 697, 162 N.E.2d 262, 263 (1959)

(under Massachusetts law, the length of a Concord sentence

is its maximum term). Finally, the Government reminds us

that we owe its interpretation of the statutory words

("sentences to confinement actually imposed") a considerable

degree of respect, particularly where, as here, the

interpretation concerns an interstitial matter, related to

the administration of a complex statutory scheme, in respect

to which the agency is expert. See, e.g., Chevron, U.S.A.,

Inc. v. Natural Resources Defense Council, Inc., 467 U.S.

837, 843-45 (1984); Mayburg v. Secretary of Health & Human

Servs., 740 F.2d 100, 105-06 (1st Cir. 1984); Molina v. INS,

981 F.2d 14, 20 (1st Cir. 1992).

Despite these arguments, we disagree with the

Government's conclusion. If the 1986 sentence had not been

revoked, and petitioner had merely been released on parole

in July 1992, the Government's authorities might prove

-6-
6

determinative. But, as the Government concedes, this case

instead hinges purely on the interpretation of the 1992

sentencing order. That order, we concede, speaks of the

"sentence" as if it were a sentence to confinement for ten

years. But, it then says that the defendant is "deemed to

have served -1709- days" of the sentence, and that the "ten

year" sentence is "deemed to have been served." Once one

adds the undisputed fact (apparently known to the sentencing

judge) that the petitioner did serve 1709 days, the order

simply imposes that 1709 days as the term of confinement.

That is to say, if we leave all the "deem[ing]" aside, the

order requires the defendant to serve 1709 days (which he

already served), and, at the same time, it leaves the state

without any legal authority to confine him for even one day

more. Where there is neither a logical, nor a legal, nor a

practical possibility of the order permitting any

confinement beyond 1709 days, how can one say that such an

order "actually impose[s]" a sentence for ten years? To

paraphrase President Lincoln's apocryphal remark about

calling a sheep's tail a "leg," the order calls the "1709

days" a "term of ten years," but simply calling it a ten

year term cannot make it one. We have found no case,

judicial or administrative, suggesting the contrary.

-7-
7

For these reasons, the order of the Board is

vacated, and the case is remanded for further proceedings.

So ordered.

-8-
8